THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL B. HOOPER, Defendant-Appellant.

(No. 73-396; ▮▮▮▮▮▮▮

Fifth District—July 11, 1974.

Robert E. Farrell and Martin Carlson, both of the State Appellate Defender's Office, of Mt. Vernon, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

On November 22, 1972, an information was filed in the Circuit Court of Randolph County charging the defendant with two counts of escape (Ill. Rev. Stat. 1971, ch. 108, par. 121). On August 13, 1973, an amended information was filed charging the defendant with a violation of section 3—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1003—6—4).

On September 11, 1973, an indictment was returned alleging that the defendant committed the offense of escape:

"* * * in that he, being a prisoner in the Illinois State Penitentiary, Menard Branch, did intentionally and knowingly escape from said penitentiary in violation of Paragraph 1003—6—4(a), Chapter 38, Ill. Rev. Statutes."

An arraignment was conducted on September 26, 1973, and the defendant was present with counsel. He pled guilty to the offense of escape and was sentenced, pursuant to a plea agreement, to serve 1 to 2 years in the penitentiary.

The defendant contends that his conviction must be reversed because he was prosecuted under a statute which was not in effect at the time the offense was committed, and that the trial court failed to comply with Supreme Court Rules 402(c) and 402(a)(1).

Section 8—2—2 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, sec. 1008—2—2) provides:

"The provisions of this Code insofar as they are same or substantially the same as those of any prior statute, shall be construed as a continuation of such prior statute and not as a new enactment."

It cannot be said that section 3—6—4(a) is "substantially the same" as old paragraph 121 of chapter 108, and consequently is deemed to be a continuation of prior law rather than a new enactment. Under paragraph 121 of chapter 108, the words "Illinois State Penitentiary" are used while section 3—6—4(a) states an "institution or facility of the Adult Division". Section 3—6—4(a) adds another offense (formerly included in paragraph 134 of chapter 108, "failure to return from furlough") and makes this a Class 3 felony (1 to 10 years). The sentence under paragraph 121 of chapter 108 was not less than 1 nor more than 10 years, to commence after the expiration of his present term. The sentence under section 3—6—4(a) is for a Class 2 felony, which is 1 to 20 years, and may run concurrently if the court so desires.

The offense of the defendant was "failing to return after being released on furlough". Under the old law a "willful failure to return" was necessary. Under section 3—6—4(a) the offense is committed if he simply "fails to return * * *." Under the old law willfullness must be proved; under the new law, it need not be. The defendant could have gone to sleep and overstayed his time or he could have been injured and unable to return. Under the old law he could not have been convicted because there would have been no willfullness, whereas under the current law he could be convicted of failure to return. This, it can be seen that these changes take the new statute out of the law allowing a prosecution

if the new statute is a continuation of a prior statute and not a new enactment.

■■ The Unified Code of Corrections did not become effective until January 1, 1973, and by its own provision does not apply to violations of the law occurring prior to its effective date. While the sentencing provision of the Code may thus be applicable to a violation of law occurring prior to the effective date of the Code, a person cannot be prosecuted for a violation of a penal provision of the Code itself where the alleged violation occurred before January 1, 1973, but can be prosecuted only under the law in effect prior to that date.

■■ The cases cited by the State, *People ex rel. Goznelli v. Brantly*, 49 Ill.2d 383, and *People v. Hill*, 68 Ill.App.2d 369, involved the inadvertent omission or miscitation of the applicable statute and did not involve a situation where the State intended to prosecute the defendant under a statute which was not in effect on the date the offense was alleged to have been committed. In the instant case, the record clearly establishes that the State specifically intended to prosecute the defendant under section 3—6—4(a) of the Unified Code of Corrections. Therefore, we do not have the inadvertent failure to cite the correct statutory provision in effect at the time of commission of the offense, but we do have the deliberate prosecution of the defendant under a statute which by its own terms could not be applied to him. For the above reasons, the conviction of the defendant must be reversed, and therefore it is not necessary to consider whether or not the record establishes that there was a factual basis for the plea.

Judgment reversed.

G. MORAN, P. J., and EBERSPACHER, J., concur.