The People of the State of Illinois, Plaintiff-Appellee, *v.* Alexander Pujoue, Defendant-Appellant.

(No. 59032;

First District (3rd Division)—October 17, 1974.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Alexander Pujoue, was convicted following a bench trial of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) and sentenced to 90 days in the House of Corrections. In this appeal, he contends that the complaint upon which he was tried was fatally defective and that he was not proven guilty beyond a reasonable doubt.

We reverse.

The defendant's first contention on appeal is that the complaint failed to charge a crime. The complaint alleged:

"Officer W. Gehl complainant, * * * states that Alexander Pujoue has, on or about 4 Nov 1972 at Arthington & Kedzie, Cook County Ill committed the offense of UNLAWFUL USE OF WEAPONS in that he knowingly carried (on or about his person)

a firearm to wit: 32 Cal H & R Revolver Serial Number AJ 77584 in violation of Chapter 38, Section 24—1a4—10 * * *.

/s/ Wayne Gehl #14715
(Complainant's Signature)
A/4 SOG                        744-4000
(Complainant's Address)    (Telephone No.)"

The offense of unlawful use of weapons is defined in section 24—(a)(10) (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)), which provides:

"§ 24—1 Unlawful Use of Weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town; except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

The Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—3 (a)(3)) provides that:

"(a) A charge shall be in writing and allege the commission of an offense by:

\* \* \*

(3) setting forth the nature and elements of the offense charged."

The defendant contends that the complaint did not state that the firearm was loaded, and therefore failed to set forth an element of the offense. We agree.

■■ It is a fundamental rule of criminal pleading that a complaint which does not set forth the nature and elements of the crime sought to be charged fails to state an offense and is subject to dismissal. *People v. Billingsley* (1966), 67 Ill.App.2d 292, 213 N.E.2d 765.

■■ In the instant case, the complaint failed to allege that the pistol was loaded. Inasmuch as the term "a firearm to wit: 32 Cal H & R Revolver" does not necessarily involve a loaded firearm in violation of the statute, we hold that the complaint failed to allege an offense. Where a conviction rests on such a complaint, we will reverse without remand. *People v. Leach* (1972), 3 Ill.App.3d 389, 393, 279 N.E.2d 450, 452.

In view of this holding, it will not be necessary to discuss the defendant's other contentions.

For the aforementioned reason, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

McNAMARA, P. J., and MEJDA, J., concur.