THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH SPAIN (Ralph Parrants), Defendant-Appellant.

(No. 60089; )

First District (5th Division)—November 8, 1974.

*Supplemental opinion filed December 13, 1974.*
*Rehearing denied January 3, 1975.*

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart and Ira Churgin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a misdemeanor conviction for unlawful use of weapons. On appeal, defendant challenges the sufficiency of the complaint and further contends that he was a security guard and comes within a statutory exemption for such guards commuting from home to work within one hour of employment.

On June 1, 1972, at approximately 5:30 P.M., Officer Bally of the Chicago Police Department observed defendant, wearing a gun and holster at his side, in front of a residence at 5710 South Marshfield Street, Chicago. Bally requested defendant's gun registration and state gun owner's identification. Defendant produced these two cards along with a third, showing that he was an employee of the Johnson Detective Agency. Defendant was then taken into custody and charged with unlawful use of weapons.

Prior to trial, the State's Attorney asked leave to amend the complaint both as to the offense and as to defendant's name.[1] Permission was granted, and the amended complaint charged defendant with carrying "a firearm" within the corporate limits of Chicago. The court, in granting the amendment, stated:

> "Leave to amend granted, that you had in your possession a loaded firearm within the corporate limits of the city of Chicago and not on your own place of business."

The statute does, in fact, prohibit only the carrying of loaded firearms.

At trial, it was established that defendant resided at 225 West 107th Street and that he was at the address on South Marshfield "visiting my kids." Defendant further testified that he was on his way to work at a Walgreen Drug Store when he was arrested at 5:30 P.M. The store is

---

[1] Defendant had been misnamed Ralph Spain, and the amendment stated his correct name, Ralph Parrants.

located some six or seven blocks from the South Marshfield address, and defendant stated he was scheduled to begin work at 6 P.M. that evening. He was in uniform when arrested.

Defendant introduced into evidence an employment card from the Johnson Detective Agency, various paycheck stubs from the agency, his time sheet for the week following the arrest, and a National Detective's Association identification card. The State stipulated that defendant was an employee of the Johnson Detective Agency at the time of the arrest.

Defendant was found guilty of the offense of unlawful use of weapons and fined $100.

*Opinion*

We will first consider the contention that the complaint as amended was fatally defective because the word "loaded" was omitted from the charge of unlawful use of weapons. This offense, as defined in section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(10)), is as follows:

"Unlawful Use of Weapons

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

The State makes no contention that the adjective "loaded" modifies only "pistol" and not "revolver or other firearm."

The Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—3(a)(3)) provides that:

"(a) A charge shall be in writing and allege the commission of an offense by:

\* \* \*

(3) Setting forth the nature and elements of the offense charged."

A complaint that does not set forth the nature and elements of the offense charged fails to allege the commission of an offense and is thus subject to dismissal under the provisions of Section 114—1(a)(8) of the Code of Criminal Procedure.[2] Ill. Rev. Stat. 1973, ch. 38, par. 114—1

---

[2] "(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

\* \* \*

(8) The charge does not state an offense."

(a)(8); *People v. Abrams,* 48 Ill.2d 446, 271 N.E.2d 37; *People v. Billingsley,* 67 Ill.App.2d 292, 213 N.E.2d 765.) Such error is not waived by failure to object at trial and may be attacked at any time. *People v. Graves,* 23 Ill.App.3d 762, 320 N.E.2d 95; *People v. Billingsley, supra.*

Here, the failure to charge in the complaint that the gun was loaded was a failure to allege an essential element of the offense. As stated on rehearing in *People v. Pujoue,* 23 Ill.App.3d 810, 320 N.E.2d 78, at page 2 of the slip opinion:

> "In the instant case, the complaint failed to allege that the pistol was loaded. Inasmuch as the term 'a firearm to wit: 32 Cal H & R Revolver' does not necessarily involve a loaded firearm in violation of the statute, we hold that the complaint failed to allege an offense."

■■ Nor does the correct oral reading of the statute by the judge on the motion to amend mitigate the error. Section 111—3(a)(3) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—3(a)(3)) requires that the charge be "in writing" and that the written charge set forth all the essential elements of the offense.

■■ We conclude that the complaint here fails to state an offense, and where a conviction rests on such a complaint we will reverse without remand. *People v. Pujoue, supra; People v. Leach,* 3 Ill.App.3d 389, 279 N.E.2d 450.

In view of this holding, it will not be necessary to discuss the remaining issue of the applicability and availability of the statutory exemption of security guards.

For the reasons stated, the judgment is reversed.

Reversed.

DRUCKER and LORENZ, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this appeal from a misdemeanor conviction for unlawful use of weapons, we filed an opinion reversing the judgment of the trial court. We held, under the authority of *People v. Pujoue,* 23 Ill.App.3d 810, 320 N.E.2d 78, that the amended complaint was fatally defective in that it did not state an offense because the word "loaded," a necessary element of the offense, was omitted from the charge of unlawful use of weapons. Subsequent to the filing of our opinion, a question came to our attention which was not raised in the briefs or on oral argument; namely,

whether defendant may have been convicted under a statute not in effect on the date of the offense charged.

In this regard, we note that defendant was originally charged with a violation of section 24—1(a)(4)[1] (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4)), but at the commencement of his trial the State was given leave to amend the complaint both as to offense and as to defendant's name.[2] The amended complaint under which he was tried and convicted charged a violation of section 24—1(a)(10),[3] which did not take effect until July 1, 1972;[4] whereas, the acts complained of took place 1 month before, on June 1, 1972.

■■ The rule regarding the effective date of statutes is well-settled. As stated in 34 ILP *Statutes* § 193 (1958):

> "Statutes generally will not be construed retroactively unless it clearly appears that such was the legislative intent."

There is no indication of such legislative intent here, and we believe any such retroactive construction would be violative of the *ex post facto* rule. *Burgess v. Salmon*, 97 U.S. 381, 24 L.Ed. 1104 (1878); *United States v. Casson*, 434 F.2d 415 (D.C. Cir. 1970).

■■ Consequently, subsection (10) not being in effect on June 1, 1972, the amended complaint here failed to state an "offense" as defined in section 102—15 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 102—15),[5] and conviction thereunder was plain error (*People v. Minto*, 318 Ill. 293, 149 N.E. 241; *People v. Graves*, 23 Ill.App.3d 762, 320 N.E.2d 95, which a reviewing court may consider even though it was not brought to the attention of the trial court (Supreme Court Rule 615(a), Ill. Rev. Stat., ch. 110A).

Thus, we may properly take note of such error here and, although in

---

[1] "§ 24—1. * * * (a) A person commits the offense of unlawful use of weapons when he knowingly:

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm."

[2] Defendant had been misnamed Ralph Spain, and the amendment stated his correct name, Ralph Parrants.

[3] "§ 24—1. * * * (a) A person commits the offense of unlawful use of weapons when he knowingly: * * * *

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

[4] Section 24—1(a) was amended by Public Act 77—1683, effective July 1, 1972, which added subsection (10).

[5] "§ 102—15. 'Offense' means a violation of any penal statute of this State."

our original opinion we have already reversed the judgment of the trial court, defendant's conviction under a statute not in effect was additional error which, in itself, requires reversal. See *People v. Minto, supra; People v. Billingsley,* 67 Ill.App.2d 292, 213 N.E.2d 765.

For this additional reason, we adhere to our original opinion reversing the judgment of the trial court.

Reversed.

DRUCKER and LORENZ, JJ., concur.