Johnnie Earl **LINDSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00498–CR.**

Court of Appeals of Texas, Dallas.

June 15, 1984.

Rehearing Denied July 20, 1984.

C. Wayne Huff, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

ALLEN, Justice.

Appellant was charged and convicted under the 1981 amended version of section 21.03 of the Texas Penal Code. *See* Act of April 30, 1981, ch. 96, § 1, 1981 Tex.Gen. Laws 203 *and* Act of May 25, 1981, ch. 202,

**1.** The offense of aggravated rape is now known as aggravated sexual assault. *See* TEX.PENAL

§ 1, 1981 Tex.Gen.Laws 471, *repealed by* Act of May 27, 1983, ch. 977, § 3, 1983 Tex.Gen.Laws 5315.[1] The offense, however, occurred before the effective date of that statute and while the 1973 version of the statute was in effect. Appellant contends that prosecution under the amended statute constituted an ex post facto application of that law. We agree and consequently reverse and remand.

Appellant assaulted the complainant on a jogging trail around White Rock Lake in Dallas on August 25, 1981. He told the complainant that he had a knife and would use it if she would not submit. At the time of the offense, the 1973 version of section 21.03 was still in effect. *See* Act of June 14, 1973, ch. 399, § 1, Tex.Gen.Laws 916, *repealed by* Act of April 30, 1981, ch. 96, § 1, 1981 Tex.Gen.Laws 203 and Act of May 27, 1981, ch. 202, § 1, 1981 Tex.Gen. Laws 471. The indictment, however, alleged aggravated rape in terms of the amended statute: that appellant "by acts, words and deeds placed the victim in fear of death and serious bodily injury to be imminently inflicted." The charge to the jury defined aggravated rape in terms of the statute in effect at the time of the offense; however, the application portion of the charge applied the provisions of the amended statute to the facts. By motion for instructed verdict and objections to the charge, appellant challenged the application of amended section 21.03 to this offense. The State did not explain why appellant was indicted under the amended statute. The trial court overruled appellant's objections, ruling that appellant's actions constituted an offense under either version of the statute.

Article I, section 16 of the Texas Constitution forbids the establishment of ex post facto or retroactive legislation. Of course, by its terms the amended version of section 21.03 was not intended to be retroactive—it specifically applied only to offenses occurring after September 1, 1981.

CODE ANN. § 22.021 (Vernon Supp.1984).

*See* Act of April 30, 1981, ch. 96, § 1, 1981 Tex.Gen.Laws 203 *and* Act of May 25, 1981, ch. 202, § 1, 1981 Tex.Gen.Laws 471 (repealed 1983). Although the statute is not retroactive on its face, it may yet violate the prohibition against ex post facto legislation if it is applied to offenses occurring before its effective date. *People v. Spain*, 24 Ill.App.3d 377, 321 N.E.2d 520, 523 (1974) (supplemental opinion).

■ According to the generally accepted definition, a law is ex post facto if it changes the legal rules of evidence and requires less or different evidence to convict from the law in effect at the time of the offense. *Millican v. State*, 145 Tex. Cr.R. 195, 167 S.W.2d 188, 190 (1942). In order to determine if there has been an ex post facto application of amended section 21.03, we must compare that statute with its predecessor and its annotations and decide whether the amended statute permits conviction under less or different evidence from that required under the 1973 statute.

■ Under the 1973 statute, section 21.-03(a)(2), as relevant to the facts before us, rape became aggravated if the actor compelled submission by threat of death, serious bodily injury or kidnapping to be imminently inflicted upon anyone. Act of June 14, 1973, ch. 399, § 1, 1973 Tex.Gen.Laws 916 (repealed 1981). In construing section 21.03, the Court of Criminal Appeals narrowly defined the requisite aggravating circumstances: (1) an express verbal threat; (2) use of a deadly weapon; or (3) infliction of serious bodily injury. *Rogers v. State*, 575 S.W.2d 555, 559 (Tex.Crim.App.1979). In *Rucker v. State*, 599 S.W.2d 581 (Tex. Crim.App.1980) (opinion on rehearing), the Court further stated that although a threat may be communicated by actions or deeds, nevertheless an implied physical threat must meet the *Rogers* test in order to show aggravated rape. In other words, an implied physical threat must be communicated by use of a deadly weapon or infliction

of serious bodily injury. *Id.* at 586 and 587–597 (dissenting opinion).[2]

In 1981, the legislature redrafted section 21.03, very likely in response to the holdings under the prior section. Under the amended Section 21.03, again as relevant to the case before us, aggravated rape was shown if the actor

(a) by acts, words or deeds placed the victim in fear of death, serious bodily injury or kidnapping to be imminently inflicted on anyone; or

(b) by acts, words or deeds occurring in the presence of the victim threatened to cause death, serious bodily injury or kidnapping to be inflicted on anyone.

Act of April 30, 1981, ch. 96, § 1, 1981 Tex.Gen.Laws 203 *and* Act of May 25, 1981, ch. 202, § 1, 1981 Tex.Gen.Laws 471 (repealed 1983). The amended statute substantially broadened an actor's criminal liability in an aggravated rape prosecution. Pursuant to this new statute, the fact finder could consider the actor's objective conduct, his acts, words or deeds, and infer from the totality of the circumstances whether the actor's overall conduct placed the victim in fear of death or serious bodily injury. *Seek v. State*, 646 S.W.2d 557, 560 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

We agree with the trial court that appellant's conduct in this case would constitute aggravated rape under either version of section 21.03. Quite clearly, appellant made an express verbal threat. However, this does not end the inquiry. The application of the 1981 version of the statute substantially expanded his criminal liability. Under the law in effect at the time of the offense, the jury could have convicted appellant only under the three circumstances listed in *Rogers*. Under the amended statute, however, the jury could have convicted appellant if it found that his overall conduct, viewed in the totality of the circumstances, placed the victim in fear of

---

**2.** An express verbal threat was made in *Rucker* but only after the rape was committed; thus it did not compel submission to the rape and did not prove aggravation under section 21.03(a)(2). 599 S.W.2d 582.

death or serious bodily injury. Thus, prosecution under the amended statute clearly required less or different evidence from the statute in effect at the time of the offense. Appellant was charged and convicted under an impermissible ex post facto application of amended section 21.03.

Accordingly, we reverse and remand. Because of our holding, we find it unnecessary to address appellant's other grounds of error.