**Reversed and Remanded, and Opinion Filed September 19, 1996**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-91-00084-CR
No. 05-91-00085-CR
No. 05-91-00087-CR
No. 05-91-00088-CR

**STEVEN LOUIS IEPPERT, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 363rd District Court
Dallas County, Texas
Trial Court Cause Nos. F90-03765-KW, F90-03766-KW,
F90-03768-KW, F90-03769-KW

## OPINION ON REMAND

Before Justices Chapman, Whittington,[1] and Moseley[2]
Opinion By Justice Whittington

Steven Louis Ieppert pleaded not guilty to four counts of aggravated sexual assault

of a child younger than fourteen and two counts of sexual assault of a child under seventeen.

---

[1] The Honorable Mark Whittington succeeded the Honorable Annette Stewart.

[2] The Honorable Barbara Rosenberg participated in the original submission of this cause. The Honorable Jim Moseley succeeded Justice Rosenberg. Justice Moseley has reviewed the record and briefs in this cause.

After finding appellant guilty, the jury assessed punishment at forty-nine, forty, twenty-two, and fifteen years' confinement for the aggravated sexual assault convictions and twelve and eight years' confinement for the sexual assault convictions, all to run concurrently. On original submission, we affirmed the trial court's judgments. Appellant appealed our decision to the Texas Court of Criminal Appeals, and that court reversed our decision with respect to the four aggravated sexual assault convictions. *See Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995). The court then remanded the causes to this Court for a reconsideration of appellant's first point of error.

Following *Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990), we allowed the parties to rebrief. Appellant filed a supplemental brief in which he contends, as he did in his original brief, that his convictions for aggravated sexual assault violated the *ex post facto* provisions of the United States and Texas Constitutions. *See* U. S. CONST. art. I, § 10; TEX. CONST. art. I, § 16. We agree with appellant that these convictions violate the *ex post facto* provisions of both the state and federal constitutions. Accordingly, we reverse the trial court's judgments.

## BACKGROUND

Appellant married complainant's mother in 1980. From 1982 or 1983, when complainant was seven or eight years old, until 1989, appellant fondled complainant's genitals, put his genitals in complainant's mouth, and put complainant's genitals in his mouth. On one occasion, appellant attempted to have anal intercourse with complainant. Complainant did not tell anyone about these incidents until May 1990.

Appellant was charged in four separate indictments with aggravated sexual assault and in two indictments with sexual assault. The jury found him guilty on all counts and assessed punishment. On original submission to this Court, we affirmed appellant's convictions, concluding (1) appellant had waived his complaint under the *ex post facto* provisions by failing to make a timely objection in the trial court; (2) even assuming the complaint had been properly preserved, the error, if any, was not so egregious as to deny appellant a fair and impartial trial; and (3) appellant did not suffer egregious harm when the trial court failed to include a parole law instruction in its charge to the jury.

Appellant appealed our decision to the court of criminal appeals. After granting appellant's petition, the court concluded (1) the right to complain about violations of the *ex post facto* provisions of the United States and Texas Constitutions could not be waived or forfeited by inaction; and (2) appellant could raise his *ex post facto* argument for the first time on appeal. The court vacated our judgment and remanded the aggravated sexual assault cases to this Court for us to consider the merits of appellant's *ex post facto* complaint. *See Ieppert*, 908 S.W.2d at 220. We turn now to a consideration of that complaint.

## EX POST FACTO

In his first point of error on original submission and in two points of error on remand, appellant asserts his convictions for aggravated sexual assault are void because they violate the *ex post facto* provisions of the United States and Texas Constitutions. In support of this argument, appellant points out that (1) he was charged under section 22.021 of the

Texas Penal Code, a section which became effective on September 1, 1993; and (2) the offenses with which he was charged occurred prior to that date. Because article 22.021 applies only to offenses committed on or after September 1, 1983, appellant contends his convictions are void and must therefore be reversed. We agree.

Article I, section 10 of the United States Constitution and article I, section 16 of the Texas Constitution forbid the establishment of *ex post facto* or retroactive legislation. *See* U. S. CONST. art. I, § 10; TEX. CONST. art. I, § 16. An *ex post facto* law is one which: (1) imposes a punishment for an act which was not punishable at the time it was committed; (2) alters the definition or nature of an offense to the detriment of the accused; (3) increases the punishment after commission of the offense; or (4) deprives the individual charged of a defense that was available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 45-46 (1990); *see Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991) (adopting *Youngblood* definition for interpreting *ex post facto* provision of Texas Constitution). Even when a statute does not appear to be retroactive on its face, it may nevertheless violate the prohibition against *ex post facto* legislation if it is applied to offenses occurring before the statute's effective date. *Lindsey v. State*, 672 S.W.2d 892, 894 (Tex. App.--Dallas 1984, pet. ref'd).

To determine whether an *ex post facto* application of a statute has occurred, we compare the existing statute to its predecessor and consider whether the existing statute permits conviction under less or different evidence than required under the predecessor statute. *Lindsey*, 672 S.W.2d at 894; *see also Millican v. State*, 145 Tex. Crim. 195, 167

S.W.2d 188, 190 (1942). Here, the statute in effect at the time of the aggravated sexual assaults (section 21.05 of the Texas Penal Code) stated that "a person commit[ted] an offense if he commit[ted] . . . sexual abuse of a child as defined in Section 21.10 of this code and . . . the victim [was] younger than 14 years."[3] Under section 21.10, a person was guilty of sexual abuse of a child if, *with intent to arouse or gratify the sexual desire* of any person, he engage[d] in deviate sexual intercourse with a child . . . ." (emphasis added).[4]

In 1983, the legislature repealed section 21.05 and replaced it with section 22.021. Section 22.021 provides, in relevant part, that "a person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and . . . the victim is younger than 14 years of age."[5] Under section 22.011, a person is guilty of sexual assault if he *intentionally or knowingly* causes (1) the penetration of the anus or vagina of a child by any means; (2) the penetration of the mouth of a child by the sexual organ of the actor; or (3) the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.[6] While sections 22.011 and 22.021 require a

---

[3] Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 917, *amended by* Act of April 21, 1981, 67th Leg., R.S., ch. 96, § 1, 1981 Tex. Gen. Laws 203, 203, *amended by* Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 1, 1981 Tex. Gen. Laws 471, 471, *repealed by* Act of May 28, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex. Gen. Laws 5311, 5321 (current version at TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 1996)).

[4] Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 918, *repealed by* Act of May 28, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex. Gen. Laws 5311, 5321.

[5] Act of May 28, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5315, *amended by* Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, 2275-76, *amended by* Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80, 80, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1, 1993 Tex. Gen. Laws 3586, 3620-21 (current version at TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 1996)).

[6] Act of May 28, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312-13, *amended by* Act of May 17, 1985, 69th Leg., R.S., ch. 557, § 1, 1985 Tex. Gen. Laws 2159, 2159, *amended by* Act of May 29, 1987, 70th Leg., R.S., ch. 1029, § 1, 1987 Tex. Gen. Laws 3474, 3474, *amended by* Act of May 27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412, 2412-13, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1, 1993 Tex. Gen. Laws 3586, 3618 (current version at TEX. PENAL

defendant to act intentionally or knowingly, they do not require, as did their predecessor, that the defendant act "with intent to arouse or gratify the sexual desire of any person." *Ieppert*, 908 S.W.2d at 223 (Baird, J., concurring); *see also Pierce v. State*, 733 S.W.2d 314, 319 (Tex. App.--Tyler 1987, no pet.); *Buckner v. State*, 719 S.W.2d 644, 647 (Tex. App.--Fort Worth 1986, pet. ref'd); *but see Cunningham v. State*, 726 S.W.2d 151, 154-55 (Tex. Crim. App. 1987) (concluding that conviction for indecency with a child was proper under indictment for aggravated sexual assault even though former required proof of intent to arouse or gratify sexual desire while latter only required proof of intentional or knowing conduct).

The indictments in these causes stated, in pertinent part, that appellant:

> then and there *knowingly and intentionally* cause[d] the sexual organ of M.W., a child, to contact and penetrate the mouth of [appellant], and at the time of the commission of this offense the child was younger than 14 years of age.[7]

(Emphasis added.) The charge provided the jury with the following definitions:

> A person acts intentionally, or with intent, [with respect] to a result of his conduct when it is his conscious objective or desire to cause the result.

> A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The charge then instructed the jury to find appellant guilty if it found beyond a reasonable doubt that (1) appellant had intentionally or knowingly caused the sexual organ of M.W. to

---

CODE ANN. § 22.011(a)(1) (Vernon 1994)).

[7] The other indictments alleged that appellant knowingly and intentionally caused (1) appellant's sexual organ to penetrate M.W.'s mouth; (2) M.W.'s sexual organ to penetrate appellant's mouth; and (3) appellant's sexual organ to contact M.W.'s anus. Each indictment also alleged that M.W. was younger than 14 years of age at the time of each offense.

contact and penetrate the mouth of appellant; and (2) the child was younger than 14 years of age at the time of the offense.[8] The charge made no reference to section 21.05's requirement that the conduct be accompanied by an intent to arouse or gratify sexual desire.

The language of the indictments in these cases tracks the language found in section 22.021 of the penal code, a statute not in effect at the time of the subject offenses. As Justice Baird pointed out in his concurring opinion in this case, the enactment of section 22.021 eliminated section 21.05's "intent to arouse or gratify" element and thereby reduced the "ultimate facts necessary to establish guilt." *Ieppert*, 908 S.W.2d at 223 (Baird, J., concurring). Since the change in law reduced the amount of evidence necessary to establish guilt, we conclude the change altered the definition of the crime to the detriment of the accused. *Ieppert*, 908 S.W.2d at 223 (Baird, J., concurring). Thus, we conclude that indicting and convicting appellant under section 22.021 of the penal code violated the *ex post facto* provisions of the United States and Texas Constitutions. We sustain appellant's two points of error on remand and his first point of error asserted on original submission.

---

[8] The other charges instructed the jury to find appellant guilty if it found M.W. was younger than 14 at the time of the offenses and that appellant knowingly or intentionally caused (1) appellant's sexual organ to penetrate M.W.'s mouth; (2) M.W.'s sexual organ to penetrate appellant's mouth; and (3) appellant's sexual organ to contact M.W.'s anus.

We reverse the trial court's judgments and remand these causes for dismissal of the indictments.


_____
MARK WHITTINGTON
JUSTICE


Do Not Publish
TEX. R. APP. P. 90
910084RF.U05

 

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVEN LOUIS IEPPERT, Appellant

No. 05-91-00084-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F90-03765-KW).
Opinion delivered by Justice Whittington, Justices Chapman and Moseley also participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this Court's opinion.

Judgment entered September 19, 1996.

_____
MARK WHITTINGTON
JUSTICE




# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN LOUIS IEPPERT, Appellant

No. 05-91-00085-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F90-03766-KW).

Opinion delivered by Justice Whittington, Justices Chapman and Moseley also participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this Court's opinion.

Judgment entered September 19, 1996.

MARK WHITTINGTON
JUSTICE




# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN LOUIS IEPPERT, Appellant

No. 05-91-00087-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F90-03768-KW).
Opinion delivered by Justice Whittington, Justices Chapman and Moseley also participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this Court's opinion.

Judgment entered September 19, 1996.

MARK WHITTINGTON
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN LOUIS IEPPERT, Appellant

No. 05-91-00088-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F90-03769-KW).
Opinion delivered by Justice Whittington, Justices Chapman and Moseley also participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this Court's opinion.

Judgment entered September 19, 1996.

MARK WHITTINGTON
JUSTICE