THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DON LaRUE, Defendant-Appellant.

First District (4th Division)    No. 1—95—3991

Opinion filed July 16, 1998.

James Geis, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Elizabeth A. Scholtz, and Karan M. Giliberto, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CERDA delivered the opinion of the court:
Following a jury trial, defendant, Don LaRue, was convicted of first-degree murder (720 ILCS 5/9—1(a) (West 1994)), aggravated vehicular hijacking (720 ILCS 5/18—4(a)(3) (West 1996)), and armed robbery (720 ILCS 5/18—2(a) (West 1994)). He was sentenced to concurrent terms of 50 years' imprisonment for the first-degree murder, 30 years' imprisonment for the aggravated vehicular hijacking, and 30 years' imprisonment for the armed robbery. Defendant requests that his conviction be reversed because (1) he was charged in an indictment alleging the offense of aggravated vehicular hijacking had been committed on July 31, 1993, which was before August 13, 1993, the effective date of the statute; and (2) the jury instructions did not require a unanimous verdict on a legally adequate theory of guilty. For the following reasons, we affirm in part, vacate in part, and remand for resentencing.

At trial, Vincent Johnson testified that he and his brother-in-law, Terron Jackson, went to the Lake Meadows apartment complex on July 31, 1993. Terron parked the car, then left Vincent in the car while he went inside one of the buildings. When Terron returned a few minutes later, two cars surrounded Terron's car. Defendant, who was holding a revolver that looked like a .357, got out of one of the

cars and approached the driver's side of Terron's car while another man came to the passenger side where Vincent was seated, pointed a gun at him, and told him to get out of the car. Terron and Vincent both got out of the car and lay facedown on the ground next to each other. While Vincent was on the ground, someone removed a bracelet from his wrist and took $13 and a beeper from his pocket. With defendant pointing a gun at them, Vincent and Terron were forced into the backseat of Terron's car between two of the offenders. Defendant got into the driver's seat and drove away. The two offenders in the backseat punched Vincent and Terron while asking them where they lived and where the offenders could get money.

A short time later, Terron reached over the front seat and grabbed defendant around the neck, placing him in a headlock. As Terron punched defendant, the two offenders in the backseat started struggling with Terron and Vincent. Defendant lost control of the car and crashed it into a tree. Then, defendant told Terron, "You're dead," and shot him in the head. The three offenders ran and Vincent ran for help. As he did so, he heard gunshots behind him but did not see who was shooting. Vincent ran to the porch of a nearby building where he told James Attaway to call the police because his brother-in-law had been shot.

Dr. Larry Simms, Cook County deputy medical examiner, testified that Terron had died of a gunshot wound to the left side of his head. Powder burns indicated a close-range shot but not a contact wound. Dr. Simms stated that the downward angle of the bullet's entrance was consistent with Terron leaning over the car seat.

After deliberations, the jury found defendant guilty of first-degree murder, aggravated vehicular hijacking, and armed robbery. The trial court sentenced him to 50 years' imprisonment for the first-degree murder, 30 years' imprisonment for the armed robbery, and 30 years' imprisonment for the aggravated vehicular hijacking, all to be served concurrently.

On appeal, defendant argues that his conviction for aggravated vehicular hijacking should be reversed because the relevant statute was not in effect on the date of the offense. He contends that the aggravated vehicular hijacking is not merely a rewording of the armed robbery statute but is a new statute because it adds one year to the minimum sentence.

■ Although defendant failed to raise this issue at trial, it is reviewable on appeal. *People v. Spain*, 24 Ill. App. 3d 377, 321 N.E.2d 520 (1974). The offense was committed on July 31, 1993, which was before the August 13, 1993, effective date of the aggravated vehicular hijacking statute. The armed robbery and aggravated vehicular hijack-

ing statutes are not substantially the same because the minimum sentence for armed robbery is six years' imprisonment and for aggravated vehicular hijacking it is seven years' imprisonment. 720 ILCS 5/18—2(b), 18—4(b) (West 1996); 730 ILCS 5/5—8—1(a)(3) (West 1996). It is irrelevant that defendant was sentenced to the maximum sentence allowable because defendant was tried for a nonexistent offense that carried a higher sentence. Defendant's conviction for aggravated vehicular hijacking must be vacated because it is a new enactment that is not substantially the same as the prior law. See *People v. Wasson*, 175 Ill. App. 3d 851, 854, 530 N.E.2d 527 (1988); *People v. Hooper*, 21 Ill. App. 3d 28, 29, 314 N.E.2d 618 (1974). Since aggravated vehicular hijacking was not in effect on July 31, 1993, the indictment failed to state an "offense" as defined in section 18—4(a)(3) of the Criminal Code of 1961 (720 ILCS 5/18—4(a)(3) (West 1996)). See *Spain*, 24 Ill. App. 3d 377, 321 N.E.2d 520.

■ Defendant's next argument is that the jury instructions for the first-degree murder counts were improperly phrased in the disjunctive, thus incorrectly advising the jury that it was permissible to find defendant guilty of first-degree murder predicated on aggravated vehicular hijacking, which we have vacated.

According to the record, the jury was given Illinois Pattern Instructions first-degree murder instructions Nos. 7.01A and 7.02A (Illinois Pattern Jury Instructions, Criminal, No. 7.01A, 7.02A (3d ed. 1992)), and then returned a general verdict of guilty of first-degree murder. It is well established in Illinois that where an indictment contains several counts arising out of a single transaction and a general verdict is returned, the effect is that the defendant is guilty as charged in each count to which the proof is applicable. *People v. Cardona*, 158 Ill. 2d 403, 411, 634 N.E.2d 720 (1994). In this case, the defendant was sentenced for intentional murder and not for felony murder. Only the conviction for the most serious murder charge will be upheld; the rest of the charges must be vacated. *Cardona*, 158 Ill. 2d at 411. If charges of intentional, knowing, and felony murder have been proved, intentional murder is deemed the most serious offense. *Cardona*, 158 Ill. 2d at 412.

Since defendant was charged with intentional murder, knowing murder, and felony murder, and the proof was applicable to both intentional murder and knowing murder, vacating the felony murder conviction does not affect the intentional murder conviction and sentence, which we affirm.

■ Finally, we are remanding this case for resentencing on the armed robbery conviction, which could have been affected by the vacated aggravated vehicular hijacking conviction. *People v. Beals*, 162 Ill. 2d 497, 509, 643 N.E.2d 789 (1994).

Based on the foregoing, we vacate the convictions for aggravated vehicular hijacking, knowing murder, and felony murder; affirm the first-degree intentional murder conviction and sentence; affirm the armed robbery conviction but vacate the sentence; and remand for resentencing on the armed robbery conviction.

Affirmed in part, vacated in part, and remanded for resentencing.

McNAMARA and BURKE, JJ., concur.