Anthony Jerome
DACQUISTO, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–86–0142–CR.

Court of Appeals of Texas, Amarillo.

Dec. 12, 1986.

Paul A. Berlanga, Lubbock, for appellant.

Jim Bob Darnell, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and DODSON, JJ.

COUNTISS, Justice.

Appellant was convicted of aggravated sexual assault, Tex.Penal Code Ann. § 22.-021(a)(2) (Vernon Supp.1986), and sentenced to 14 years in the penitentiary. By one ground of error, he contends the evi-

dence is insufficient to support the conviction. We affirm.

Appellant's specific complaint is that the State did not prove the aggravating element alleged, i.e., that while committing a sexual assault, he placed his victim in fear of death or serious bodily injury. Tex.Penal Code Ann. § 22.021(a)(2).* In order to resolve the contention, we must review the evidence under the standards of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983), which require us to affirm the conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 318–19, 99 S.Ct. at 2788–89.

The aggravating element upon which the State relies in this case was established in 1981, *Dodson v. State,* 699 S.W.2d 251, 254 (Tex.App.—Tyler 1985, no pet.) and, in 1983, carried forward into the present statute, § 22.021 of the Penal Code. The prior statute, as construed by the Court of Criminal Appeals, required one of three elements in order for the offense to be aggravated: proof of (1) an express verbal threat, or (2) display of a weapon, or (3) infliction of serious bodily injury. *Rucker v. State,* 599 S.W.2d 581, 582 (Tex.Crim.App.1979); *Rogers v. State,* 575 S.W.2d 555, 559 (Tex.Crim. App.1979). The present statute eliminated the language that led to that construction, *Hardy v. State,* 681 S.W.2d 170, 172 (Tex. App.—Houston [14th Dist.] 1984, no pet.), and established what several courts of appeals have called an objective standard. Thus, in *Dodson v. State, supra,* at 254, the court said:

> Our study of a trio of Courts of Appeal cases, viz. *Seek v. State,* 646 S.W.2d 557, 560 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *Bank v. State,* 662 S.W.2d 627, 629 (Tex.App.—Houston [14th Dist.]

1983, pet. ref'd); and *Harris v. State,* 666 S.W.2d 537, 539 (Tex.App.—Austin 1984, no pet.), persuades us that in deciding evidentiary attacks in aggravated rape cases, we should review the evidence overall and determine whether the "acts, words or deeds" of the actor were sufficient to place a reasonable person in complainant's circumstances in fear of death or serious bodily injury to be imminently inflicted upon her or another at the hands of her attacker.

And in *Lindsey v. State,* 672 S.W.2d 892, 894 (Tex.App.—Dallas 1984, pet. ref'd), the court said:

> The amended statute substantially broadened an actor's criminal liability in an aggravated rape prosecution. Pursuant to this new statute, the fact finder could consider the actor's objective conduct, his acts, words or deeds, and infer from the totality of the circumstances whether the actor's overall conduct placed the victim in fear of death or serious bodily injury.

*Dodson* and *Lindsey* correctly state the current law and we will apply here the objective standard they enunciate. *See Stephens v. State,* 717 S.W.2d 338, 340 (Tex.Crim.App.1986).

The evidence is undisputed that the victim in this case was raped by appellant. The evidence is also undisputed that appellant did not display a weapon, verbally threaten the victim's life or inflict serious bodily injury. In fact, appellant said very little immediately prior to and during the rape. Thus, if the aggravating element exists, it must come primarily from the nature of appellant's acts and the depth of his victim's fear. That is the evidence we will review.

Appellant's victim was an unmarried graduate student living alone in an efficiency apartment. Appellant forced his way into her apartment by crawling through a

* § 22.021. Aggravated Sexual Assault
 (a) A person commits an offense if the person commits sexual assault as defined in Section 22.011 of this code and:
 　　*　　*　　*　　*　　*　　*

(2) by acts or words the person places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;
　　*　　*　　*　　*　　*　　*

window, after she went to bed at 11:00 p.m. After his entry awakened her, appellant dragged the victim from her bed by her shoulders, causing her to land on the floor with a hard thud. He pinned her to the floor with his body and covered her mouth, telling her to stop screaming or he would "have to hurt [her]." Appellant then taped her mouth and raped her. While she was being raped, the victim felt for a weapon in appellant's back pockets and the area beside her. Finding a large screwdriver on the floor, she attempted, unsuccessfully, to stab appellant. During her struggle with appellant and her subsequent successful escape from him, the victim received bruises around her wrist and shoulders, on the back of one leg and the inside upper thigh of the other leg.

During direct examination, appellant's victim several times described her reaction to the assault, as follows:

Q. Could you describe your screams, if you could?

A. I'm sure they were loud, and I'm sure that there was terror in them, because I was terrified.

Q. And what did you think that this person was going to do to you at that time?

A. I felt that the intention was certainly rape and perhaps that he would even kill me.

\* \* \* \* \* \*

Q. Why, exactly, were you talking to him at that time?

A. I was in fear of my life, and I was trying to do everything in my power to convince him to leave.

\* \* \* \* \* \*

Q. Okay. K——, why were you looking for some weapon such as what you found, a screwdriver?

A. Because I felt—I believed at that time that after the rape that he would try and kill me.

\* \* \* \* \* \*

Q. And did he place you in fear that serious bodily injury would be inflicted upon you?

A. Yes.

We have no difficulty in concluding, from the foregoing evidence, that the State carried its burden of proof. A young single woman living alone is thrown from her bed in the middle of the night by a stranger, and threatened with injury, then her mouth is taped and she is raped. It is difficult to imagine a more frightening situation than that, and her expressed fear of injury and death was imminently reasonable under the circumstances. Thus, the State presented ample evidence from which the jury could find that appellant "by acts or words [placed] the victim in fear that death [or] serious bodily injury ... will be imminently inflicted...." Tex.Penal Code Ann. § 22.-021.

Appellant relies on *Rucker, supra,* and *Rogers, supra,* in arguing that appellant's acts did not rise to the standard required in order to be aggravated. However, as explained in *Dodson, supra,* and *Lindsey, supra,* those cases are no longer the law.

The ground of error is overruled.

The judgment is affirmed.