L.D. DOUGLAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–86–00295–CR.

Court of Appeals of Texas,
El Paso.

Nov. 18, 1987.

John W. Cliff, Jr., Smith & Cliff, P.C., Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for aggravated sexual assault. The jury found two enhancement allegations to be true and punishment was assessed at imprisonment for ninety-nine years. We affirm.

■ Appellant's sole point of error asserts that the evidence was insufficient to prove the alleged aggravating element, that by acts and words he placed the victim in fear of the imminent infliction of death or serious bodily injury. Tex.Penal Code Ann. sec. 22.021(a)(2) (Vernon Supp.1987).

Appellant's primary argument is that despite the repeal of former Penal Code Section 21.03, we should adhere to certain language in *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim.App.1979), suggesting that conviction upon this theory of aggravation necessitates proof of either an express verbal threat of death or serious bodily injury to be imminently inflicted, the use of a deadly weapon, or the actual infliction of serious bodily injury. Appellant further contends that more recent contrary decisions by various Courts of Appeals under Section 22.-021(a)(2) are without merit. See e.g. *Dacquisto v. State*, 721 S.W.2d 603 (Tex.App.—Amarillo 1986, no pet.); *Dodson v. State*, 699 S.W.2d 251 (Tex.App.—Tyler 1985, no pet.); *Harris v. State*, 666 S.W.2d 537 (Tex.App.—Austin 1984, no pet.); *Seek v. State*, 646 S.W.2d 557 (Tex.App.—Houston [1st Dist.] 1982, no pet.). We disagree.

Section 22.021(a)(2) substantially changes the phrasing of this theory of aggravation from former Section 21.03(a)(2). Furthermore, and even more telling, is the fact that the forms of aggravation proof demanded by *Rucker* are now in fact separate and distinct theories of aggravation under Section 22.021(a)(1) and (4). These changes clearly evidence a legislative intent to supersede *Rucker*.

■ Before addressing the sufficiency of the evidence in this case, we offer two further preliminary conclusions we have reached concerning the applicable law in this area. First, we agree with Appellant that when the aggravation set out in subsection (a)(2) must be inferred from physical conduct and words of the actor not expressly stating the requisite threat, the words and conduct must amount to more than the quantum of forcefulness needed for a simple sexual assault conviction under Tex.Penal Code Ann. sec. 22.011(b)(2) (Vernon Supp.1987).

■ Second, we find that the change in the phrasing of Section 22.021(a)(2) has shifted the focus of the aggravating element, the proof required, and the appropriate appellate review. Under former Section 21.03(a)(2) the focus was exclusively upon the physical and verbal conduct of the accused and whether it amounted to a threat of imminent infliction of death or serious bodily injury. Under the phrasing of Section 22.021(a)(2), the necessary element is the victim's state of fear of imminent infliction of death or serious bodily injury due to the defendant's acts or words. This is a very real and very significant change. Now the jury is mandated to assess first if that state of fear in fact existed. Normally, such proof will come from the victim's testimony. The defendant's conduct is then assessed to determine if it was the producing cause of such fear and whether the subjective state of fear was reasonable in light of such conduct. This legislative shift in focus, coupled with the established evidentiary review doctrine of assessing the evidence in a light most favorable to the verdict, of course places would-be sexual assailants in greater jeopardy of aggravated convictions. It is not simply an objective test of their conduct which is currently controlling, but rather the reasonableness of their victim's subjective responsive fears which will determine the degree of offense. The true tenor of the change mandated by Section 22.-021(a)(2) was touched upon by the Amarillo Court of Appeals in *Dacquisto*, 721 S.W.2d at 604:

Thus, if the aggravating element exists, it must come primarily from the nature

of appellant's acts and the depth of his victim's fear.

To the extent they are entitled, individuals such as Appellant are insulated from aggravated conviction upon extreme and irrational subjective fear by the victim through the requirements of causation and reasonableness of the victim's subjective anticipation of imminent death or serious bodily injury. Further consideration for such actors is neither warranted nor provided by the current penal provisions.

 Turning to the record before us, the evidence disclosed that the complainant was a sixty-six-year-old widow, living alone. The Appellant approached the complainant's door seeking a glass of water. The door being unsecured, he entered without permission. He was provided a glass of water and then proceeded to push the victim around the kitchen and into her bedroom. He threw her to the bed, at which time she struck her head on the nightstand, sustaining a bruise to the back of her head. During the rape, he told her:

> [I]f you don't hold still I'm going to do something worse to you. (State's Exhibit No. 1, unobjected to hearsay).

The complainant also sustained scratches and bruises to her arm and chest. After the assault was completed, Appellant told her that she was a "dead duck" if she called the police. We exclude this latter factor from consideration since it was a conditional threat and following the rape, did not contribute to accomplishment of the sexual assault.

We conclude that the evidence was sufficient. Did the acts or words of the Appellant place the complainant in the requisite state of fear? Yes—she testified that due to his conduct she feared immediate, not future, death. Was that fear reasonable—not accurate in terms of his intent, but reasonable in light of his conduct and the surrounding circumstances? We believe so. The age of the victim, the setting, the Appellant's forcefulness, and the threat of "something worse" certainly justified the subjective apprehension of the victim, satisfying Section 22.021(a)(2). The quantum of evidence is equivalent to that presented in *Dacquisto* and found sufficient by the Amarillo Court of Appeals. Point of Error No. One is overruled.

The judgment is affirmed.