IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-376-CR




BEN SALAZAR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0921724, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and burglary of a
habitation. Tex. Penal Code Ann. §§ 22.021, 30.02 (West 1989). The jury assessed punishment
for each offense at imprisonment for thirty years. In his only point of error, appellant contends
the evidence is legally insufficient to sustain the conviction for aggravated sexual assault.

 On the night in question, the complainant, who was three months pregnant, was
lying on a mattress in her living room with her six-month-old child. The complainant's husband
was at work. The front door of the house was open, but a screen door was closed and latched. 
Appellant came to the door and offered the complainant $100 to let him in the house. She refused
and threatened to call the police. When appellant reached through a hole in the screen and began
to unlatch the screen door, the complainant unsuccessfully attempted to close the front door. 
Appellant opened the screen door, forced his way into the house, and pushed the complainant onto
the mattress. Appellant then cut or pulled apart the telephone cord and began to remove the
complainant's clothes. When the complainant screamed, appellant put his hand over her mouth
and neck. He then told her "to shut up or he was going to kill me." 

 Appellant had sexual intercourse with the complainant, after which he remained in
the house and talked to her for some time. He called her a whore and asked to hold her baby. 
Finally, appellant left the house. The complainant, who sustained numerous scratches and bruises
on her neck and arms during the assault, locked the door and waited for her husband to return
home.

 The indictment alleged and the court's charge required the jury to find that
appellant, by acts or words, placed the complainant in fear that serious bodily injury would
imminently be inflicted on her. Penal Code § 22.021(a)(2)(A)(ii). In determining whether the
evidence is sufficient to support such a finding, appellate courts employ an objective standard of
review. That is, the courts ask if the words and deeds of the defendant were sufficient to place
a reasonable person in the victim's circumstances in fear of imminent death or serious bodily
injury. Kowey v. State, 751 S.W.2d 587, 591 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd);
Douglas v. State, 740 S.W.2d 890, 891 (Tex. App.--El Paso 1987, no pet.); Dacquisto v. State,
721 S.W.2d 603, 604 (Tex. App.--Amarillo 1986, pet. ref'd). 

 In this cause, the complainant testified that appellant scared and terrified her, and
placed her in fear for her life and the lives of her children. Appellant concedes that this testimony
constitutes subjective proof that the complainant was placed in fear of imminent serious bodily
injury. Appellant contends, however, that his acts were not sufficient to place a reasonable
person in the complainant's circumstances in such fear. Appellant argues that the quantum of
force used by him did not exceed that needed for a simple sexual assault conviction. See Douglas,
740 S.W.2d at 891.

 Appellant's argument fails because it ignores his words. Even if we were to agree
that appellant's acts alone were not sufficient to place a reasonable person in fear of imminent
serious bodily injury, we must also consider that those acts were accompanied by a verbal threat
to kill the complainant. Viewing the evidence in the light most favorable to the conviction, we
believe that a rational trier of fact could find beyond a reasonable doubt that appellant's acts and
words were sufficient to place a reasonable person in the complainant's circumstances in fear of
imminent serious bodily injury. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 6, 1993

Do Not Publish