Maurice Michon LEWIS, Appellant,

v.

The STATE of Texas, State.

No. 2–96–488–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 17, 1998.

Discretionary Review Refused
April 7, 1999.

James M. Leitner, Houston, for appellant.

John B. Holmes, Dist. Atty., Andrew J. Cozby, Marcy McNutt, Asst. Dist. Attys., Houston, Tex., for appellee.

Before RICHARDS and HOLMAN, JJ., and CHARLES F. CAMPBELL, J. (Sitting by Assignment).

## OPINION

CHARLES F. CAMPBELL, Justice (Assigned).

In a trial before the court after waiving a jury, appellant was convicted of aggravated sexual assault. The trial court found appellant guilty, and after appellant pled "true" to an enhancement paragraph in the indictment, the trial court assessed his punishment at forty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. In this appeal, appellant complains of the legal sufficiency of the evidence as to guilt, and lodges a challenge to the constitutionality of sections 22.021 and 22.011 of the Texas Penal Code.[1] *See* TEX. PENAL CODE ANN. §§ 22.021 & 22.011 (Vernon Supp.1999). We affirm.

In point one, appellant challenges the legal sufficiency of the evidence. A brief summary of the facts is in order. Viewed in a light most favorable to the trial court's finding of guilt, on April 16, 1993, the evidence shows that the victim, P.T., was home asleep when she was awakened by a banging on her front door. Ultimately, the door was kicked into the apartment, splintering the frame and door jamb. Appellant entered, asking if anyone called "security." Appellant then told P.T. that if she obeyed his commands, she would not be hurt. P.T. complied, and laid down on the bed, fearing that appellant would "hurt me and kill me." Appellant then put on a mask and began to rape P.T. while she was lying on the bed. Appellant would leave the room from time to time and then return and repeatedly rape P.T. She cried out several times and prayed as a result of her anguish and fear.

Subsequently, appellant made P.T. get a suitcase so he would have a place to put jewelry and other items that he stole from her. After the items were packed, appellant made P.T. take off her robe again and forcibly raped her again. Appellant put her in a closet. While in the closet, P.T. thought that she should remain there, fearing appellant would kill her if she came out. Once she attempted to leave the closet, but heard appellant rummaging in her apartment and thus she stayed put. After a long wait, P.T. exited the closet and called police. Then, while she was in the process of putting on some clothes, appellant came back into the apartment and asked if she had called police. She again feared that appellant would kill her, but he left her apartment instead. After

---

1. Appellant was prosecuted for aggravated sexual assault, it being alleged, in pertinent part, that he "compelled the complainant to submit and participate by threatening to use force and violence against the complainant, and the complainant believed that the defendant had the present abili-

ty to execute the threat, and by acts and words the defendant placed the complainant in fear that serious bodily injury would be imminently inflicted on the complainant." *See id; see also* TEX. PENAL CODE ANN. 22.021(a)(2)(A)(ii) (Vernon Supp. 1999).

the police arrived, P.T. was taken by ambulance to a hospital for treatment and testing.

## Applicable Standard of Review

■ In reviewing the legal or constitutional minimum quantum of evidence required to support the conviction, an appellate court must look at the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime established beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). When the trier of fact is the trial court, as in this case, a finding of guilt constitutes an implicit rejection of a defendant's defense. *See Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App.1992). After a conviction in such a situation, it becomes the appellate court's duty to determine if the explicit and implicit findings of the trial court are rational under legal standards to support that conviction. *See id.*

## Appellant's Sufficiency Claim

Although appellant's two points are interrelated, we will treat point one as a challenge to the legal sufficiency of the evidence. Appellant essentially concedes that the evidence in this case shows that he committed the crime of sexual assault. He demurs, however, on the evidence to support a conviction of *aggravated* sexual assault. He seems to claim that the subjective fear of P.T. in this case was not enough to support the aggravating factor necessary to prove aggravated sexual assault beyond a reasonable doubt. He also avers, as he does in point two, that if the sexual assault in this case can be deemed aggravated, then *ipso facto* every sexual assault constitutes an aggravated sexual assault.

## Applicable Law

■ In the context of an aggravated sexual assault, the victim's state of fear is normally established through his or her own testimony. *See Brown v. State*, 960 S.W.2d 265, 268 (Tex.App.—Corpus Christi 1997, no pet.). The defendant's conduct, i.e. acts, words, or deeds, is then examined to determine whether it was the producing cause of such fear and whether the subjective state of fear was reasonable in light of such conduct. *See id.* Where the objective facts of the assault would naturally cause the victim fear for life or serious bodily injury, as where a deadly weapon, explicit threats, or excessive force or violence are used, it is reasonable to assume that the victim had the requisite level of fear in the absence of some specific evidence to the contrary. *See id.* Additionally, it is not necessary that a threat be communicated verbally, nor is it necessary to show that the defendant could have inflicted serious bodily injury, but did not. *See Mata v. State*, 952 S.W.2d 30, 32 (Tex.App.—San Antonio 1997, no pet.); *see also Dalton v. State*, 898 S.W.2d 424, 429 (Tex.App.—Ft. Worth 1995, pet. ref'd.).

## Application of Law to Facts

■ The record shows that appellant literally broke P.T.'s door from its hinges and away from the doorjamb in gaining entrance to her apartment, masquerading as a security guard. While it is true that appellant told P.T. that if she cooperated he would not hurt her, her initial cooperation gained her nothing but repeated sexual assaults by appellant; the placing of a mask over appellant's face; the forcible placing of P.T. in a closet; an additional sexual assault after she came out of the closet; and then finally appellant's return to the apartment at a time when P.T. thought the ordeal was finished. P.T. testified that she thought she would be killed or seriously hurt, that she cried out in physical pain from the brutality of the assaults, and that she prayed for her life. We find that there was sufficient evidence of objective acts and words, utilized by appellant, that produced a subjective fear of imminent death or serious bodily injury on the part of P.T. Her fear of death or seriously bodily injury was reasonable under these circumstances. The evidence is legally sufficient. Point one is overruled.

In point two, as best we can discern, appellant contends that section 22.021 in combination with section 22.011 is unconstitutional under the Due Process Clause of the United States Constitution and the Due Course of

Law Clause of the Texas Constitution.[2] He claims that the statute is vague and ambiguous in that he was subjected to liability for the first degree felony offense of aggravated sexual assault based upon facts that show the mere commission of the second degree felony of sexual assault. He contends that in every case in which a sexual assault is committed, the defendant may be successfully convicted for aggravated sexual assault. In other words, he argues that, in any fact situation in which non-consensual sexual intercourse occurs, a conviction for aggravated sexual assault has been obtained and upheld on appeal, though the facts demonstrate no more than a sexual assault, citing as examples *Elkins v. State*, 822 S.W.2d 780 (Tex. App—Houston [14th Dist.] 1992, pet. ref'd.); *Kowey v. State*, 751 S.W.2d 587 (Tex.App.—Houston [14Dist.] 1988, pet. ref'd); *Douglas v. State*, 740 S.W.2d 890 (Tex.App.—El Paso 1987, no pet.); and *Dacquisto v. State*, 721 S.W.2d 603 (Tex.App.—Amarillo 1986, pet. ref'd).

## Applicable Law

A penal statute is void for vagueness unless it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). When a defendant is challenging the constitutionality of a statute, the burden is on him to show that the statute operates in such a way that its unconstitutional operation applies specifically to him; it is not enough that it may be unconstitutional in its application to others. *See Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

## Application of Law to Facts

In passing, appellant argues that the statute is unconstitutional because a white victim, such as P.T. in this case, would be overly sensitive to the conduct of a black assailant, and thus her subjective responses to appellant's conduct subjected appellant to harsher treatment under the statute. Though this argument is far from clear, it is clear from the record that there is no evidence of any heightened fear by P.T. caused by the fact that appellant was black. There is simply no citation by appellant to any portion of the record to substantiate this claim, and the burden is on him to show that the unconstitutional operation of the statute affected him in particular, *See Briggs*, 740 S.W.2d at 806.

Additionally, appellant argues, as he did in point one above, that every sexual assault in effect becomes an aggravated sexual assault due to the subjective fears of the victim, thus rendering the statute vague and overbroad and producing arbitrary application. We disagree. The legislature obviously intended to provide a more serious penalty to sexual assaults that occurred under the following pertinent circumstance: "[when the defendant] by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on [the victim]." *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(ii). This aggravating factor elevates sexual assault defined in section 22.011 to the offense of aggravated sexual assault. And as was explicated in the holding in *Brown*, the defendant's conduct is examined to determine whether that conduct was the producing cause of the victim's fear and whether the subjective state of fear was reasonable in light of such conduct. *See Brown*, 960 S.W.2d at 268. Thus contrary to appellant's argument, the law provides that the subjective fear of the victim alone is not sufficient to establish the aggravating factor required in section 22.021(a)(2)(A)(ii). The State must show that the fear of the victim was the proximate result of objective conduct employed by the defendant. Indeed in cases cited by appellant,[3] there was ample evidence

---

**2.** The State in its reply brief argues that, since no objection was made at trial on constitutional grounds, nothing is preserved for review on appeal, citing, among others cases, *Botello v. State*, 720 S.W.2d 838, 840 (Tex.App.—San Antonio 1986, pet. ref'd., untimely filed). While we concur with the State's reply we will answer the merits of appellant's contention in the interest of justice.

**3.** *See Dacquisto*, 721 S.W.2d at 603; *Kowey*, 751 S.W.2d at 587; *Douglas*, 740 S.W.2d at 890; and *Elkins*, 822 S.W.2d at 780.

of objective conduct employed by the defendant that produced the subjective fear of the victim. Section 22.021 is not vague and overly broad. Appellant's point two is overruled.

The judgment of the trial court is affirmed.