Opinion issued February 9, 2012

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00623-CR

          01-10-00624-CR

01-10-00625-CR

———————————

Luis Mariano Benitez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 434th District Court

Fort Bend County, Texas



Trial Court Case Nos. 49844, 49876 & 52163

 



 

MEMORANDUM OPINION

A jury convicted appellant Luis
Mariano Benitez of three separate offenses[1] of aggravated sexual assault,[2] and the court assessed his
punishment at twenty-five years’ confinement for each offense, sentences to run
concurrently. 

In four issues,
Benitez contends that (1) the evidence is legally and factually insufficient to
support his convictions, (2) the trial court erred in convicting him of trial court
case numbers 49844 and 49876 because no evidence was adduced at trial proving
the days alleged in their respective indictments, (3) the trial court violated
his double-jeopardy protections by convicting him of aggravated sexual assault
when there was no evidence that any of the alleged sexual assaults involved
aggravating circumstances, and (4) the trial court violated his right to equal
protection when it sentenced him to twenty-five years in prison for each
offense but placed another defendant on deferred adjudication for the same
crime only a few months earlier. 

We affirm. 

 

 

Sufficiency
of the Evidence

In his first issue,
Benitez contends that the evidence is legally and factually insufficient to
support all three of his convictions because he took the stand in his own
defense, he emphatically denied the charges pending against him, and his
testimony was “certainly more credible than his accuser[’s].”  

In his second issue,
Benitez contends that the trial court erred in convicting him of case numbers
49844 and 49876 because no evidence was adduced at trial proving the days
alleged in the respective indictments. 
We construe this argument as a challenge to the sufficiency of the
evidence supporting these two convictions, and we will address it as such.  

Benitez’s third issue
contends that his double-jeopardy protections were violated by convicting him
of aggravated sexual assault absent evidence that any of the alleged sexual
assaults involved aggravating circumstances. 
We construe this to be an argument that the evidence is insufficient because
there is no evidence that any of the alleged sexual assaults involved aggravating
circumstances.[3]

 

 

Standard of Review

Our review of evidentiary
sufficiency requires that we examine all the evidence in the light most favorable
to the verdict and decide whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Brooks v. State, 323 S.W.3d
893, 899, 901–02 (Tex. Crim. App. 2010) (plurality op.) (directing intermediate courts to apply standard of review
enunciated in Jackson to all
sufficiency challenges in criminal cases, regardless of whether defendant
frames challenge as legal or factual).  The
jury is the sole judge of the witnesses’ credibility and the weight to be given
their testimony.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.

The sufficiency of the
evidence is measured against a hypothetically correct jury charge.  Cada v. State, 334
S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  A hypothetically correct jury charge
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant was tried.” 
Id. (quoting
Malik, 953 S.W.2d at 240).

Under a hypothetically
correct jury charge, the State was required to prove that Benitez intentionally
or knowingly caused the contact or penetration of the complainant’s sexual
organ with his sexual organ when the complainant was younger than fourteen
years of age.  See Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(i),(2)(B)
(West 2011).

Trial Court Case Number 49844

A conviction was
authorized in this case if the jury found beyond a reasonable doubt that, on or
about November 1, 2007, Benitez caused the sexual organ of M.V., a child
younger than fourteen years of age to contact Benitez’s mouth.

M.V. testified that he
was thirteen years old at the time of trial on April 7, 2010.  He also testified that in November 2007, when
he was eleven, he was on the telephone with a friend when Benitez walked into
his room, “kneeled beside me because I was laying down on the bed and he pulled
down my pants . . . grabbed my penis and then he started sucking my penis and I
just got off the phone and I told my friend I had to do something.”  Benitez, who testified on his own behalf,
denied ever sexually assaulting M.V.  

Benitez contends that
the evidence is insufficient to support his conviction because there is no
evidence that the alleged sexual assault involved any aggravating circumstances,
citing to State v. Blount, 542
S.W.2d 164, 165–66 (Tex. Crim. App. 1976) and State v. Douglas, 740 S.W.2d 890, 891 (Tex.
App.—El Paso 1987, no pet.).  Benitez’s
reliance upon the cases, however, is misplaced as neither of those cases
involve the portion of the Penal Code at issue in this case, section 22.021(a)(2)(B),
which prohibits the aggravated sexual assault of a child under the age of fourteen. 
See Douglas, 740 S.W.2d at 892 (complainant was sixty-six-year-old
widow); Blount, 542 S.W.2d
at 165–66 (complainant was adult female). 
Importantly, unlike section 22.021(a)(2)(A)—which
requires, inter alia, the use or
exhibition of a deadly weapon, infliction of serious bodily harm, or placing
one in fear of death or imminent bodily harm in order to elevate a simple
sexual assault to aggravated sexual assault—section 22.021(a)(2)(B) clearly
recites that a sexual assault is aggravated if “the victim is younger than 14
years of age.”  Compare Tex. Penal Code Ann.
§ 22.021(a)(2)(A) with Tex. Penal Code Ann.
§ 22.021(a)(2)(B).  Contrary to Benitez’s assertion, the present
case does not require the State to prove “aggravated circumstances” under the
hypothetically correct jury charge, only that M.V. was younger than fourteen
when each assault occurred.  See Tex.
Penal Code Ann. § 22.021(a)(2)(B). 

Benitez also contends
that the evidence in case 49844 is insufficient because there was no evidence
that the sexual assault occurred “on or about November 1, 2007,” as the
indictment alleged.  It is, however,
well-settled that “when an indictment alleges that an offense occurred ‘on or
about’ a particular date, the State is not bound by the date alleged” and may
prove any offense of the character alleged, so long as the act occurred before
the date of the presentation of the indictment, but within the relevant
limitations period.  See Garcia v. State, 981
S.W.2d 683, 685 (Tex. Crim. App. 1998) (citing Sledge v. State, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997)); see also Thomas v. State, 753 S.W.2d
688, 693 (Tex. Crim. App. 1988) (“[W]here an indictment alleges that some
relevant event transpired ‘on or about’ a particular date, the accused is put
on notice to prepare for proof that the event happened at any time within the
statutory period of limitations.”).  The
indictment in this case was filed on August 4, 2008.  The offense of aggravated sexual assault of a
child has no period of limitations.[4]
Although he could not recall specific dates, M.V. testified that Benitez
sexually assaulted him in November 2007. 


Viewing the evidence in
the light most favorable to the verdict, any rational finder of fact could find
that, on or about November 1, 2007, Benitez intentionally or knowingly committed
the elements of this offense.[5]  Although Benitez denied abusing M.V., M.V.
testified that Benitez did so, and it was the sole province of the jury to
resolve any conflicts in the evidence.  See Schmidt v. State, 232 S.W.3d 66, 68
(Tex. Crim. App. 2007) (“It is the sole province of the jury to weigh the
credibility of the witnesses and testimony.”); see also Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998)
(stating that jury may believe or disbelieve all or part of any witness’s
testimony).[6]  We must assume that the jury resolved
conflicts in favor of the verdict and must defer to that resolution.  Matchett v. State,
941 S.W.2d 922, 936 (Tex. Crim. App. 1996) (en banc).


Having reviewed all of
the evidence under the appropriate standard of review, we conclude that the
evidence is sufficient to support Benitez’s conviction in case number 49844.

Trial Court Case Number 49876

In this case a
conviction was authorized if the jury found beyond a reasonable doubt that,
on or about April 30, 2008, Benitez intentionally or knowingly caused the
contact or penetration of the mouth of M.V., a child younger than fourteen
years of age, with Benitez’s sexual organ.[7]

M.V. testified that he
told the caseworker who interviewed him in 2008 that in late April or early May
of that year, Benitez came into his room while he was reading, “got in front of
me and then he pulled his pants down, and then he—he grabbed my head and then
he pushed me towards his penis.”  Viewing
the evidence in the light most favorable to the verdict, any rational finder of
fact could find that, on or about April 30, 2008, Benitez committed the offense
set forth in the indictment.  See Garcia,
981 S.W.2d at 685 (stating that because State alleged offense occurred “on or
about” certain date, State was not bound by date and only had to prove that
assault occurred prior to presentation of indictment and within statute-of-limitations
period); see also Tex. Penal Code Ann. § 22.021(a)(2)(B) (stating sexual assault is aggravated if “the victim
is younger than 14 years of age”). 
Although Benitez and M.V. offered conflicting testimony, it was the sole
province of the jury to resolve those conflicts in the evidence, and we must
defer to the jury’s resolution.  See Schmidt, 232
S.W.3d at 68.  

Having reviewed all of
the evidence under the appropriate standard of review, we conclude that the evidence
is sufficient to support Benitez’s conviction in case number 49876.

Trial Court Case Number 52163

In this case a conviction was authorized if the jury found
beyond a reasonable doubt that, on or about June 8, 2008, Benitez intentionally
or knowingly caused the contact or penetration of the mouth of M.V., a child
younger than fourteen years of age, with Benitez’s sexual organ.[8] 

M.V. testified that, on June 8, 2008, the day the police
came to his house, Benitez called him to his bedroom where he was lying on his
bed and had his pants down.  M.V. was
instructed by Benitez to contact his sexual organ in a particular fashion such
as to prompt M.V. to request that Benitez tell him before “his stuff came out”
because he did not want it in his mouth. 
M.V. testified, “I was doing it and then his semen came out [in] my
mouth and then I just went to spit it out in the sink.” 

Viewing the evidence in
the light most favorable to the verdict, any rational finder of fact could find
that on or about June 8, 2008, Benitez intentionally or knowingly committed the
offense for which he was indicted.  

Although Benitez and
M.V. offered conflicting testimony, it was the sole province of the jury to
resolve those conflicts in the evidence, and we must defer to the jury’s resolution.  See
Schmidt, 232 S.W.3d at 68.  

Having reviewed all of
the evidence under the appropriate standard of review, we conclude that the
evidence is sufficient to support Benitez’s conviction in case number 52163.

We overrule Benitez’s
first, second, and third issues.

Equal
Protection

In his fourth issue, Benitez
contends that the trial court violated his right to equal protection when
it sentenced him to twenty-five years’ confinement for each offense and
sentenced another defendant to deferred adjudication for the same crime only a
few months earlier.  Benitez, however,
does not cite to any legal authority in support of his position, or provide any
legal analysis or record citations. 
Accordingly, Benitez’s fourth issue is inadequately briefed and we
decline to address it.  See Tex.
R. App. P. 38.1(i); Cardenas
v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (overruling points of
error as inadequately briefed when
appellant neglected to present argument and authorities as required by Texas Rule of Appellate Procedure
38.1(i)).  We
overrule Benitez’s fourth issue.

Conclusion

We affirm the judgments of the
trial court.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do
not publish.   Tex. R.
App. P. 47.2(b).

 











[1]         Trial
court case number 49844/appellate
court case number 01-10-00623-CR (aggravated sexual assault of child less than
fourteen years of age); trial court case number 49876/appellate court case number 01-10-00624-CR
(same); and trial court case number 52163/appellate court case number 01-10-00625-CR
(same).





[2]         See Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii), (iii), (v), (2)(B) (West 2011). 

 

 





[3]         Benitez
also argues that because the State did not ask the jury to consider the lesser
included offenses of sexual assault, it would violate his protection against
double jeopardy if the State were allowed to do so upon reversal.  Because we conclude that legally sufficient
evidence supports the convictions, we need not address this challenge.





[4]         Tex. Code Crim. Proc. Ann. art. 12.01(1)(B)
(West Supp. 2011).





[5]         Tex. Penal Code Ann. § 22.021 (a)(1)(B)(iii), (2)(B).





[6]         M.V.’s testimony, standing
alone, is sufficient to support Benitez’s conviction for aggravated sexual
assault of a child.  Tex. Code Crim. Proc. Ann. art. 38.07(b)(1) (West
2011); see Bryant v. State, 340
S.W.3d 1, 14 (Tex. App.—Houston [1st Dist.], 2010, pet. ref’d)
(stating that testimony of victim, standing alone, even when victim is child,
is sufficient to support conviction for sexual assault); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.]
2002, pet. ref’d) (same).





[7]         See Tex.
Penal Code Ann. § 22.021 (a)(1)(B)(ii), (v),(2)(B).





[8]         See
Tex. Penal Code Ann. § 22.021 (a)(1)(B)(ii),
(v),(2)(B).