**Affirmed and Majority and Dissenting Opinions filed October 22, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00307-CR

---

**CHARLES RAY BLACKLOCK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1474533**

---

### DISSENTING OPINION

Because I disagree with the majority as to the sufficiency of the evidence in regard to the aggravated sexual assault charge, I respectfully dissent.

There was no evidence adduced at trial that the complainant was placed in fear of imminent death or threat of serious bodily injury, and the cases cited by the

majority do not support the majority's conclusion that sufficient evidence was introduced to support the aggravating element of the offense.

Here, the aggravating element at issue is whether in the commission of the sexual assault, appellant, by his acts or words, placed the victim in fear that death or serious bodily injury would be imminently inflicted on her. *See* Tex. Penal Code § 22.021(a)(2)(A)(ii).

## I.

### TRIAL TESTIMONY

The majority opinion recites that the complaining witness "remembered being hit so hard from behind that she fell to the ground," but this was not her testimony. The complaining witness testified that she was walking home when she felt an impact like a push or shove and fell to the ground. She stated she did not remember anything else that happened after that moment, she did not remember a gun, and the next thing she remembered was a police officer standing over her. Because she felt pain that made her think someone had sexually assaulted her, she spoke with the police officer and went to the hospital for an examination. DNA specimens were collected.

The complaining witness did not testify that appellant, through words or conduct, did anything to cause her to be in fear for her life. The complaining witness did not testify that she was threatened with death, physical assault, or serious bodily injury, or was in any way physically restrained during the assault. The complaining witness testified about an unrelated incident where she "had a pistol put to her head" stating that when she spoke with the officer who took the report of the rape, she confused the prior incident with the rape incident. The complaining witness stated she did not remember a gun being used during the rape

2

incident. She also testified that she did not remember telling the officer a gun was used during the rape but did testify the person who put the gun to her head was not the appellant. This version of the incident is further supported by the complainant's testimony that she was pushed from behind and did not remember anything until the officer was standing over her. There was no testimony from the complaining witness that she was in fear of imminent bodily harm, or in fear of death; nor was there any testimony from any of the witnesses that the complaining witness expressed fear or made any statements indicating she was in fear for her life. There was no testimony regarding violence or threats supporting a finding that the complaining witness was in fear for her life. On cross-examination, the complaining witness testified the appellant never punched her in the face, or hit her or bruised her, and agreed with defense counsel that her medical records from the examination indicated there were no injuries to her body.

Dr. Sidhu, the physician who performed the examination on the complainant, testified she saw no evidence of injuries or trauma to the genitals or body of the complainant. Dr. Sidhu testified the physical examination of the complainant was normal and there was no evidence of the complainant being physically hit with anything or punched. Dr. Sidhu also testified that the complainant told her she was not injured during the assault.

Dr. Sidhu testified that the medical records under "history" provide the complaining witness voluntarily got into a vehicle and was "shoved out" after the rape. The medical records under "history" further provide the complainant was sexually assaulted at gunpoint, and that she stated she was not injured during the assault. Dr. Sidhu admitted she had no personal knowledge of these events, that she could not testify as to any guns, weapons, or physical force in regard to the

3

incident, and that all of the information under "history" was provided by the complainant.

Officer Garcia, the patrol officer who assisted the complaining witness after the incident, testified that his report stated there was no evidence of any injuries or bruises to the complainant and he found no weapons in the area.

## II.

### JURY FINDING REGARDING USE OF A WEAPON

The jury answered "We do not" to a special issue jury charge submitted by the State, which asked the jury to determine, beyond a reasonable doubt, whether the appellant (defendant) "used or exhibited a deadly weapon, namely, a firearm, during the commission of the offense for which he has been convicted or during the immediate flight therefrom." This demonstrates the jury did not believe a gun was used during the incident, despite the trial testimony of police officers that the police report indicated a gun was used, and testimony from the examining physician that the medical records indicate the complaining witness was assaulted at gunpoint.

The majority misses the mark as to the relevance of this finding. In this circumstance, the error the majority makes is in finding that the evidence is factually and legally sufficient to establish "that appellant's actions caused the complainant to fear for her life during the sexual assault." Although the jury's finding regarding the use of a weapon is not dispositive of the issue of the aggravated finding, the weapon finding indicates the lack of evidence found by the jury to support the aggravated factor.

In sum, neither the facts nor the law supports the majority's opinion.

4

## III.

### THE MAJORITY'S CASES DO NOT SUPPORT THE AGGRAVATING ELEMENT OF THE OFFENSE

Although a jury is entitled to consider whether the objective conduct and totality of the circumstances placed the complaining witness in fear of death or serious bodily injury, we review the evidence to determine whether the acts, words, or deeds of the appellant are sufficient to place a reasonable person in the complainant's circumstances in fear of death or serious bodily injury. *Tinker v. State*, 148 S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

The cases cited by the majority to support the aggravating element of the offense are distinguishable from this case because all of the cases cited include testimony by the victim of the fear of death or serious bodily injury, as well as circumstances and conduct supporting the complaining witnesses' testimony. *See Tinker*, 148 S.W.3d at 668, 670 (defendant followed the complainant into her house, became physically violent, and sexually assaulted her, causing complainant to suffer physical injuries consistent with forced sexual activity, including a serious and debilitating shoulder injury); *Lewis v. State*, 984 S.W.2d 732, 734 (Tex. App.—Fort Worth 1998, pet. ref'd) (victim testified appellant broke into her apartment, splintering the door frame and door jamb, and told victim if she obeyed his commands she would not be hurt; victim further testified that she feared appellant would rape her and kill her; appellant repeatedly raped her, and victim cried out in physical pain and prayed for her life; then, appellant put victim in a closet, and he returned and raped her again and the victim thought he was going to kill her); *Brown v. State*, 960 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1997, no pet.) (complainant testified she was scared and in fear for her life when she heard sound as though knife was being opened, when complainant struggled

5

appellant told her if she remained still she would not get hurt); *Dalton v. State*, 898 S.W.2d 424, 429 (Tex. App.—Fort Worth 1995, pet. ref'd) (defendant entered apartment in the middle of the night, threatened to hurt complainant, possessed superior physical strength  and forced complainant to engage in sex, complainant "felt something 'cold' at her back" during sexual assault and testified she feared for her life); *Selvog v. State*, 895 S.W.2d 879, 882 (Tex. App.—Texarkana 1995, pet. ref'd) (defendant stated he would kill the complainant if she did not cooperate, choked complainant, and threw her to the ground; complainant testified she believe he would kill her); *Ortiz v. State*, 804 S.W.2d 177, 179 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (defendant hit the complainant in the lip and forced complainant to submit to sodomy; ER doctor testified it looked like complainant had been beaten up and injuries were the result of a good deal of force; complainant testified he was scared and in pain and believed appellant was going to continue to hurt him, and called for help); *Dacquisto v. State*, 721 S.W.2d 603, 604 (Tex. App.—Amarillo 1986, pet. ref'd) (complainant testified defendant entered her apartment in the middle of the night, dragged her by her shoulders to the floor, pinned her body to the floor, told her to stop screaming or he would "have to hurt her," taped complainant's mouth and raped her, and she testified she feared for her life); *Carter v. State*, 713 S.W.2d 442, 445 (Tex. App.—Fort Worth 1986, pet. ref'd) (complainant testified she was gagged, tied up, and thrown to the floor in the course of the sexual assault by defendant, told not to scream or he would hurt her, and testified she feared for her life).  These cases all contain testimony supporting the aggravated element of the crime.

Unlike the aforementioned cases cited by the majority, the critical facts and testimony supporting the element of aggravating circumstances is not present here. The record is devoid of testimony or physical evidence supporting fear of death or

serious bodily injury. Because the evidence is legally insufficient to support appellant's conviction for aggravated sexual assault, I disagree with the majority's opinion on this issue.

## IV.

### REFORMATION

Appellant is not entitled to, nor does he seek, an acquittal. I would reform appellant's conviction to reflect that appellant was convicted of the lesser-included offense of sexual assault. In *Thornton v. State*, the Court of Criminal Appeals clarified when a court of appeals should reverse a judgment and remand for modification to reflect a conviction of a lesser-included offense versus when a judgment should be reversed and an acquittal rendered:

> [A]fter a court of appeals has found the evidence insufficient to support an appellant's conviction for a greater-included offense, in deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the [fact finder] have necessarily found every element necessary to convict the appellant of the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? If the answer either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answer to both are yes, the court is authorized—indeed required—to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense.

425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014); *accord Walker v. State*, 594 S.W.3d 330, 338 (Tex. Crim. App. 2020) (same); *see also Britain v. State*, 412 S.W.3d 518, 521 (Tex. Crim. App. 2013) (appellate court may render judgment of conviction for a lesser-included offense where there is proof beyond reasonable

doubt of all elements of lesser-included offense); *Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012) (holding when the State fails to prove an aggravating element of an offense, but the State otherwise produces sufficient evidence to support the conviction of a lesser-included offense, the correct remedy is to reform the judgment to reflect a conviction for the lesser-included offense).

Following these principles, the judgment in this case should be reformed. Sexual assault is a lesser included offense of aggravated sexual assault. *Ghoulson v. State*, 5 S.W.3d 266, 274 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). By convicting appellant of aggravated sexual assault, the jury necessarily found that appellant committed the offense of sexual assault. *See* Tex. Penal Code § 22.011 (sexual assault), § 22.021 (aggravated sexual assault).

Turning to whether legally sufficient evidence supports a conviction for the lesser offense, although not required for reformation under *Thornton*, the jury was instructed on the lesser-included offense of sexual assault. As set forth in the majority memorandum opinion, there is evidence that is sufficient beyond a reasonable doubt to support the lesser offense of sexual assault. Viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to convict appellant of the lesser-included offense of sexual assault. By doing so, this "serves to give effect to the jury's verdict by tying reformation to what the jury necessarily found when it reached [its] verdict." *See Walker*, 594 S.W.3d at 338.

Appellant asks this court to reverse his conviction and remand the case for further proceedings. In the alternative, appellant requests that this court reform his conviction to sexual assault and remand his cause for a new sentencing trial. The proper disposition is to reverse the trial court's judgment, remand to the trial court to reform the judgment to reflect a conviction for the lesser included offense and

8

hold a new punishment hearing attendant to this post reformation conviction. *See Thornton*, 425 S.W.3d at 307; *Williams v. State*, No. 19-00532-CR, 2020 WL 3863118, at *4 (Tex. App.—Houston [14th Dist.] July 9, 2020, no pet. h.) (mem. op., not designated for publication).

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant (Zimmerer, J., Majority).

Publish – Tex. R. App. P. 47.2(b)