**Opinion issued March 4, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00421-CR

————————————

**JAWORSKI DEMOND BIRDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1747852**

---

## MEMORANDUM OPINION

Jaworski Demond Birden appeals his conviction for attempted aggravated sexual assault. *See* TEX. PENAL CODE §§ 15.01(a–b); 22.021(a)(1)(A)(iii); 22.021(a)(2)(A)(iii). After a bench trial, the trial court found him guilty. Birden pleaded not true to an enhancement. The trial court found the enhancement true and

sentenced him to 8 years' imprisonment. On appeal, Birden argues that the evidence is insufficient to prove that the offense was aggravated. He also argues that the evidence is insufficient to establish his intent to commit sexual assault. We affirm.

**Background**

At trial, the complainant testified that she worked as a housekeeper at a motel for about four years. She stated that during one of her shifts in November 2021, Birden, whom she identified in court, attempted to sexually assault her. The housekeeper testified that she had never seen Birden before that day. She said that Birden grabbed her by the waistband of her pants and dragged her into the motel room. She testified that she did everything possible to resist him and stay outside of the room. As he dragged her, she tried to grab the door to resist. When Birden brought her inside the room, he closed the door and threw her on top of the bed. The complainant testified that she was worried he had a weapon and would kill her. She did not feel free to leave. She believed he was going to rape her because he was opening his pants.

When Birden got off her and went to lock the door, the complainant ran into the bathroom. She testified that she locked herself in the bathroom and tried to call a coworker. The coworker did not answer. She testified that security from the motel knocked on the door. She screamed back that she was inside and to open the door. After the incident, she had scratches and bruises on her body.

2

During the housekeeper's testimony, the jury viewed a surveillance video from the motel grounds showing the incident.[1] The camera is located outside, across the motel's pool, which is separated from the main building by a metal fence. The video shows a two-story motel building, with guest rooms on each floor. Doors from each motel room open directly outside. A housekeeping cart is outside a room on the ground floor. It is a sunny day, and in the minutes before the incident, several guests can be seen walking to and from rooms.

About three minutes into the video, when no other people are visible, a man walks the length of the building under the covered hallway of the ground floor. He walks toward the room with a housekeeping cart outside. He positions himself on the far side of the cart and waits.

When the housekeeper walks out of the motel room to the housekeeping cart, the man grabs her. A struggle ensues. The housekeeper falls to the ground and attempts to get away. The housekeeper resists and struggles with the attacker. They can be seen struggling on the ground in front of the housekeeping cart. The man drags the housekeeper toward the open doorway. At the last moment, the housekeeper attempts to grab the door frame to prevent the man from dragging her inside the motel room. He overpowers her and brings her inside the room. The man shuts the door to the room. The housekeeping cart falls over during the struggle.

---

[1] The recording does not have sound.

Moments later, several people come out of motel rooms on the first floor and run quickly toward the overturned cart. Other people come out of rooms on the second floor and peer over the balcony toward the overturned cart. After a minute or so, the man who struggled with the housekeeper walks out of the motel room with his hands up. The other people appear concerned and follow the man. More people run out of other motel rooms toward him. The man soon moves out of view of the camera.

A Houston Police Department officer testified that in November 2021 in the afternoon, he responded to a call at a motel of a citizen holding a suspect in an attempted sexual assault. When the officer arrived, the officer found people holding down a person on the ground. The officer put the person, whom he identified in court as Birden, in the back of his patrol car. According to the officer, Birden's shorts were "slightly off," and the officer had to put them back on. The officer spoke with the complainant, who was distraught and seemed scared. According to the officer, the complainant looked like she had been crying for a long time. The officer testified that the complainant had a blue apron that had been ripped off her body.

The trial court found Birden guilty of attempted aggravated sexual assault. Birden appeals.

**Sufficiency of the Evidence**

In two issues, Birden argues that the evidence is insufficient to support his conviction. First, he argues that the evidence is insufficient to support the aggravating factor that elevated his conviction from attempted sexual assault to attempted aggravated sexual assault. Next, he argues that the evidence is insufficient to establish his intent to commit sexual assault. We disagree.

**A.      Standard of Review & Applicable Law**

We review a challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We examine all the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *Gutierrez v. State*, 668 S.W.3d 46, 49 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd). Our role is that of a due process safeguard, and we consider only whether the factfinder reached a rational decision. *See Malbrough v. State*, 612 S.W.3d 537, 559 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *see also Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (observing that reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally") (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)).

In a sufficiency review, we consider the "combined and cumulative force" of the circumstances pointing toward guilt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor," and "the standard of review on appeal is the same for both direct and circumstantial evidence cases." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010) (quoting *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). The trier of fact is the sole judge of the weight and credibility of the evidence. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). Thus, when performing an evidentiary sufficiency review, we may not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Gutierrez*, 668 S.W.3d at 50. A reviewing court, faced with a record of historical facts supporting conflicting inferences, must presume that the trier of fact resolved any such conflict in favor of the prosecution and must defer to that resolution. *Jackson*, 443 U.S. at 326. When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006).

A person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the sexual organ of another person, without that person's consent, to contact the actor's sexual organ, and while committing the sexual assault, the actor by acts or words places the victim in fear that death, serious

bodily injury, or kidnapping will be imminently inflicted upon her. *Id.*
§§ 22.021(a)(1)(A)(iii) (defining sexual assault); 22.021(a)(2)(A)(ii) (defining
aggravating factors for sexual assault).

To prove that Birden committed attempted aggravated sexual assault, the State
needed to show that he, with the specific intent to commit aggravated sexual assault,
performed an act that amounted to more than mere preparation that tended but failed
to effect the commission of the offense. TEX. PENAL CODE §§ 15.01(a–b) (defining
criminal attempt and criminal attempt of an aggravated offense). This is because a
defendant's attempt to commit an offense that may be aggravated, like sexual
assault, becomes an attempt to commit the aggravated version of the offense if an
element that aggravates the offense accompanies the attempt. TEX. PENAL CODE
§ 15.01(b).

## B. Analysis

### 1. The evidence is sufficient to support the aggravating factor of the offense.

Birden argues that there is insufficient evidence to support the aggravating
factor that elevated his conviction to attempted aggravated sexual assault. Birden
argues that the evidence is insufficient to show that he threatened the complainant
with kidnapping, serious bodily injury, or death. *See* TEX. PENAL CODE
§ 22.021(a)(2)(A)(iii) (defining aggravating element for sexual assault).

7

In this case, the State alleged two different theories of aggravated sexual assault: that Birden threatened the complainant with kidnapping and that he threatened the complainant with serious bodily injury or death. The aggravating factors in section 22.021(a)(2)(A) of the Penal Code are the manner or means by which a proscribed sexual assault becomes a more serious aggravated offense. *Green v. State*, 607 S.W.3d 147, 153 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing TEX. PENAL CODE § 22.021(a)(2)(A)). If alternative theories of the same offense are alleged, the factfinder may return a general verdict if the evidence is sufficient to support a finding under any of the theories. *Garcia v. State*, No. 01-5-0030-CR, 2016 WL 7011411, at *3–4 (Tex. App.—Houston [1st Dist.] Dec. 1, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004)).

The record reflects that Birden snuck up on the housekeeper as she was performing her job. Birden overpowered her, and, after a struggle, he dragged her into a motel room. The trial court viewed the surveillance video of the incident, including the housekeeper fighting back against Birden. The housekeeper testified that she tried to prevent Birden from bringing her into the motel room. Birden overpowered her and dragged her by the waistband into the motel room. The housekeeper testified that once inside, she worried Birden would kill her. She was concerned he had a weapon, and she did not feel free to leave.

In the context of aggravated sexual assault, the complainant's state of fear is normally established through her own testimony. *Green*, 607 S.W.3d at 154; *see also Salazar v. State*, 562 S.W.3d 61, 66 (Tex. App.—Corpus Christi 2018, no pet.); *Lewis v. State*, 984 S.W.2d 732, 734 (Tex. App.—Fort Worth 1998, pet. ref'd). The defendant's conduct, such as acts, words, or deeds, is examined to determine whether it was the producing cause of such fear or whether the subjective state of fear was reasonable considering the conduct. *Green*, 607 S.W.3d at 154; *Salazar*, 562 S.W.3d at 66; *Lewis*, 984 S.W.2d at 734.

Viewing the evidence in the light most favorable to the verdict, the jury could find beyond a reasonable doubt that, because of Birden's actions, the housekeeper reasonably feared death, serious bodily injury, or kidnapping. *Green*, 607 S.W.3d at 150 (finding evidence sufficient for aggravated sexual assault and concluding fear was reasonable response to appellant's actions when he forced complainant to drive to secluded location at gun point and forcefully pulled her out of car); *see also Griffin v. State*, 491 S.W.3d 771, 775 (Tex. Crim. App. 2016) (stating kidnapping is completed offense when (1) restraint is accomplished and (2) evidence shows actor had specific intent to prevent liberation by secretion or use or threat of deadly force). Therefore, the evidence was sufficient to establish an aggravating factor that elevated the conviction from attempted sexual assault to attempted aggravated sexual assault. TEX. PENAL CODE § 22.021(a)(2)(A)(iii).

We overrule Birden's first issue.

### 2. The evidence is sufficient to prove Birden's intent to commit attempted aggravated sexual assault.

In his second issue, Birden argues that the evidence is insufficient to support his conviction because the record is insufficient to prove that he intended to commit attempted sexual assault. He argues that the evidence does not show he had the specific intent to commit attempted sexual assault, rather than kidnapping, assault, or some other crime. We disagree.

To prove that Birden committed attempted aggravated sexual assault, the State needed to establish beyond a reasonable doubt that Birden had the specific intent to commit aggravated sexual assault and performed an act that was more than mere preparation that tended but failed to effect the commission of the offense. *See* TEX. PENAL CODE §§ 15.01(b); 22.021. A person commits sexual assault if he intentionally or knowingly causes the sexual organ of another person, without that person's consent, to contact the actor's sexual organ. *Id.* § 22.011(a)(1)(c). A person commits aggravated sexual assault if he additionally "by acts or words places the victim in fear that . . . death, serious bodily injury, or kidnapping will be imminently inflicted on any person." *Id.* § 22.021(a)(1)(A)(i), (2)(A)(ii). Sexual assault is without consent if a person compels another to submit through physical force or violence. *Id.* § 22.011(b)(1); *see Gonzalez v. State*, 337 S.W.3d 473, 479 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

10

We have already concluded that the evidence was sufficient to elevate the conviction from attempted sexual assault to attempted aggravated sexual assault. Therefore, if the evidence is sufficient to establish intent of attempted sexual assault, it is also sufficient to establish intent of attempted aggravated sexual assault. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03(a); *see Metcalf v. State*, 597 S.W.3d 847, 857 (Tex. Crim. App. 2020) (explaining aggravated sexual assault is nature-of-conduct offense). Intent may be inferred from circumstantial evidence such as acts, words, and the conduct of the defendant. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

The trial court viewed surveillance video showing Birden tackling the housekeeper, dragging her into a motel room, and closing the door. The housekeeper testified that Birden grabbed her by the waistband and dragged her into a motel room. She testified that she tried to avoid being dragged into the motel room, and she believed Birden was going to rape or kill her. When Birden dragged the housekeeper inside the motel room, he threw her on the bed. The housekeeper testified that she believed Birden was going to rape her because he was opening his pants. She ran to the bathroom when Birden got off her to lock the motel room door. Additionally, the responding officer testified that the complainant's blue apron had been ripped off in

11

the incident and that Birden's shorts were "slightly off." The officer had to put Birden's shorts back on. The jury could reasonably infer from the testimony and the surveillance video that Birden acted with the intent of sexually assaulting the housekeeper because he forced her into the motel room, threw her on the bed, and began opening his pants as he went to lock the motel-room door.

In sum, viewing all the evidence in the light most favorable to the verdict as we must, we hold that a rational factfinder could conclude that the cumulative force of all the evidence established beyond a reasonable doubt that Birden committed the offense of attempted aggravated sexual assault, including that he possessed the intent to sexually assault the housekeeper.

We overrule Birden's second issue.

## Conclusion

We affirm the judgment of the trial court.

Susanna Dokupil
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

12