**Wade LUCAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00634–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 6, 2007.

Rehearing Overruled Jan. 10, 2008.

Discretionary Review Refused
April 23, 2008.

John J. Davis, Angleton, for appellant.

Trey David Picard, Angleton, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and EDELMAN.*

## OPINION

RICHARD H. EDELMAN, Justice (Assigned).

Wade Lucas appeals a conviction for possession of marijuana of two ounces or less[1] on the grounds that: (1) the trial court erred by proceeding to trial without sufficiently admonishing him of the dangers and disadvantages of self-representation; and (2) the evidence is legally in-

sufficient to support his conviction. We reverse and remand.

## Sufficiency of the Evidence

Appellant's second issue contends that the evidence was legally insufficient to prove that he exercised care, control, or custody over the marijuana. Because this issue seeks rendition of a judgment of acquittal, rather than remand for a new trial, we address it first.

In a legal sufficiency review, we view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See, e.g., Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App.2007). A conviction for possession of a controlled substance requires proof, among other things, that the accused exercised control, management, or care over the substance. *See Evans v. State,* 202 S.W.3d 158, 161 (Tex.Crim.App. 2006). Therefore, a defendant's mere presence at a location where drugs are found is not sufficient to prove possession unless other evidence establishes more than a fortuitous link to the drugs. *See id.*

In this case, appellant was one of four people found by police in a room of an apartment where marijuana was being smoked. He argues that the evidence failed to show that he had any connection to the apartment other than his mere presence there or that he had smoked or passed the marijuana cigar or otherwise exercised control over it. However, Officer Myers testified that he saw the four people in the room, which included appellant, actively passing a burning marijuana cigar

---

* Senior Justice Richard H. Edelman sitting by assignment.

1. A jury found appellant guilty of the offense, and the trial court assessed punishment at

180 days confinement, probated for 18 months, and a $2,000.00 fine.

among themselves.[2] Because this evidence is legally sufficient to prove that appellant exercised control over the marijuana, his second issue is overruled.

### Self–Representation

Appellant's first issue contends that the trial court denied his constitutional right to counsel by proceeding with the trial while appellant was not represented by counsel and the trial court having not admonished appellant concerning the dangers and disadvantages of self-representation.[3] Although there are conflicting indications in the record as to why appellant was unrepresented by counsel at trial, the State acknowledges that the record fails to reflect that appellant received the necessary admonishments. However, the State contends that this error is subject to constitutional harm analysis. *See* Tex.R.App. P. 44.2(a).

 Violations of the right to counsel that pervade the entire proceeding fall within the category of constitutional violations that, by their very nature, cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. *Satterwhite v. Texas,* 486 U.S. 249, 256, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988).[4] In this case, because appellant did not effectively waive his right to counsel, conducting his trial while he was unrepresented by an attorney was a denial of his constitutional right to counsel, which pervaded the entire proceeding, and therefore cannot be considered harmless. *See Williams v. State,* 194 S.W.3d 568, 579 (Tex.App.-Houston [14th Dist.] 2006, pet. granted). Accordingly, we sustain appellant's first issue, reverse the judgment of the trial court, and remand the case to the trial court for further proceedings.

---

2. In addition, when appellant (representing himself) asked Myers on cross-examination, "So, you can't say you saw anyone holding it?," Myers replied, "Y'all were passing it around. I mean, four people passing a cigar back and forth. Who's holding it? Everybody is."

3. In order to forego his constitutional right to the assistance of counsel and thereby invoke his right to self-representation, a defendant in a criminal trial must competently, intelligently, knowingly, and voluntarily waive his right to counsel. Tex.Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so the record will establish that he knows what he is doing and that his choice is made with eyes wide open. *Faretta,* 422 U.S. at 835, 95 S.Ct. 2525. There is no prescribed script for conveying the information necessary in this regard because that which a particular defendant must possess to make an intelligent election depends on such case-specific factors as the defendant's education and sophistication, the complexity of the charge, and the stage of the proceeding. *Iowa v. Tovar,* 541 U.S. 77, 88–89, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004).

4. Conversely, where a denial of the right to counsel affects only a limited portion of the proceeding, such as the admission of particular evidence at trial, a harmless error analysis is required. *Satterwhite,* 486 U.S. at 257, 108 S.Ct. 1792.