**Affirmed and Majority and Dissenting Opinions filed October 22, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00307-CR

---

### CHARLES RAY BLACKLOCK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1474533**

---

## MAJORITY OPINION

Appellant Charles Ray Blacklock appeals his conviction for aggravated sexual assault. Tex. Penal Code Ann. § 22.021. In two issues appellant argues (1) the evidence is insufficient to support his conviction; and (2) the trial court erred in not allowing appellant to use the complainant's remote convictions to impeach her. We affirm.

BACKGROUND

Appellant did not stand trial for the charged offense until 14 years after it happened.

At trial, the complainant testified that on October 1, 2005, she had just left a club where she had been drinking; the complainant also admitted taking Xanax. As the complainant was walking home she felt a physical impact, "[l]ike someone come up on me and rush me[.]" The complainant also described the impact as a push or a shove. The complainant felt the impact and fell to the ground.

She testified that following the impact, the next thing she remembered was pain in her vagina and anus, which caused her to believe she had been sexually assaulted. The complainant flagged down Officer Gilbert Garcia of the Houston Police Department while Garcia was on patrol. The complainant told Garcia that she had been sexually assaulted.

Garcia reported the offense and transported the complainant to the hospital. Medical records reflected that the complainant presented at the emergency room stating that she had been sexually assaulted at gunpoint. When the complainant testified 14 years later, she did not remember a gun. The complainant told the treating physician that she was assaulted between 3:00 and 4:00 in the morning. The complainant reported being vaginally and anally penetrated. The treating physician swabbed the complainant for DNA and placed the swabs in a sexual assault kit. The offense was not prosecuted at the time.

Ten years later, an investigative lead developed, and the case was assigned to Sergeant Carrie Garza of the Houston Police Department. After learning that appellant was a potential suspect, Garza interviewed appellant. Appellant consented to the taking of a buccal swab for DNA testing. Garza testified that she learned about

2

the ten-year-old offense by reading Garcia's report from 2005. Garza testified that the report noted that on the night of the offense the complainant and appellant came into contact while the complainant was walking down the street. At some point the complainant got into appellant's vehicle against her will and appellant drove the complainant to an unknown location. The complainant was eventually "shoved from the vehicle." She flagged down Garcia. The report also noted that a firearm was used during the assault.

In the meantime, in 2013, the Houston Forensic Science Center had outsourced DNA testing on a backlog of sexual assault kits. The sexual assault kit taken from the complainant in 2005 was one of the kits sent to the outside lab for testing. The vaginal sample was tested for DNA and revealed that the complainant was the major contributor, and an unknown male was the minor contributor. The Houston Forensic Science Center later received the known buccal swab samples from appellant and compared them to the samples taken from the complainant in 2005. Appellant could not be excluded as a contributor to the sample taken from the sexual assault kit. The probability that a randomly chosen individual other than appellant would be included as a possible contributor to the DNA profile was approximately one in 650 quintillion for Caucasians, one in 8.8 sextillion for African Americans, and one in 410 quintillion for southwest Hispanics.

The jury convicted appellant of aggravated sexual assault but found, in answer to a special issue, that the evidence did not establish that appellant had used a deadly weapon. After the jury returned its verdict but before the punishment phase of trial began, appellant entered into a plea agreement with the State, in which appellant agreed to accept a sentence of 35 years in prison for the aggravated assault

conviction in exchange for the dismissal of three pending charges.[1] The trial court sentenced appellant accordingly. Appellant retained his right to appeal and the trial court's certification of the right of appeal reflected appellant's right to appeal.

Appellant raises two issues on appeal challenging (1) the sufficiency of the evidence to support his conviction; and (2) the trial court's ruling on admissibility of the complainant's remote convictions.

## ANALYSIS

In appellant's second issue he argues the evidence is insufficient to support the jury's finding of the aggravating factor in the offense. Because in this issue appellant seeks rendition of a judgment of acquittal for the greater offense, or reformation and remand, we address it first. *See Lucas v. State*, 245 S.W.3d 611, 612 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

## I. Standard of review

In reviewing the sufficiency of the evidence to support a conviction, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In our review, we consider all of the evidence in the record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). The jury is the sole judge of the credibility of witnesses and the weight afforded their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may choose to believe or disbelieve all or a portion of a witness's testimony, and we presume that the jury resolved any conflicts in the evidence in favor of the

---

[1] The record does not reflect the nature of the pending charges that were dismissed.

prevailing party. *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016).

The jury may not draw conclusions based on speculation but may draw multiple reasonable inferences from facts as long as each is supported by the evidence presented at trial. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007). An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Winfrey*, 393 S.W.3d at 771.

## II. The evidence is sufficient to support appellant's conviction.

As charged in this case, a person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent and by acts or words places the victim in fear that death will be imminently inflicted on any person, or that the person used or exhibited a deadly weapon in the course of the same criminal episode. *See* Tex. Pen. Code Ann. § 22.021(1)(A)(i); (2)(A)(i) & (iii). The jury found appellant guilty as charged in the indictment, but found that he did not use or exhibit a deadly weapon during the commission of the offense.

Appellant argues the evidence does not support his conviction of aggravated sexual assault because the State failed to prove the aggravating factor. Specifically, appellant argues the evidence is insufficient to prove the complainant was placed in fear that death would be imminently inflicted. Appellant argues that no witness testified that the complainant feared imminent death, or that appellant's actions caused her to fear for her life.

When deciding criminal liability for aggravated sexual assault, the jury is

entitled to consider a defendant's objective conduct and infer from the totality of the circumstances whether the defendant's overall conduct placed the complainant in fear of death or serious bodily injury. *Ortiz v. State*, 804 S.W.2d 177, 179 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). When examining the evidence in aggravated sexual assault cases, we review the evidence overall and determine whether the acts, words or deeds of the actor were sufficient to place a reasonable person in complainant's circumstances in fear of death or serious bodily injury. *Tinker v. State*, 148 S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

It is not necessary to show the threat of serious bodily injury or death was communicated verbally. *See Lewis v. State*, 984 S.W.2d 732, 734 (Tex. App.—Fort Worth 1998, pet. ref'd). The complainant need not use the exact words, "I was afraid." *See Selvog v. State*, 895 S.W.2d 879, 882 (Tex. App.—Texarkana 1995, pet. ref'd). When the objective facts of the assault naturally would cause the complainant to fear for her life, as where a deadly weapon, explicit threats, or excessive force or violence are used, it is reasonable to assume the complainant had the requisite level of fear in the absence of some specific evidence to the contrary. *See Brown v. State*, 960 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1997, no pet.).

In this case, the complainant did not testify until almost 15 years after the assault occurred. The complainant, however, reported the attack to Officer Garcia and to the examining doctor at the hospital on the date it occurred. The complainant reported to Garcia that appellant forced her into his vehicle, drove her to an unknown location, and after raping her, eventually pushed her out of the vehicle. The complainant also reported pain in her vagina and anus. The complainant told the attending physician that she had been raped at gunpoint. At trial, the complainant did not remember a gun, but remembered being hit so hard from behind that she fell

to the ground. The complainant testified that her memory at the time of the offense and at the time she spoke with Garcia was better than her memory 14 years later at trial. She further testified that when she talked to the police officers and doctors on the night of the offense, she was telling them the truth as she knew it then.

A reasonable jury could have found that these objective facts naturally would cause the complainant to fear for her life. *See e.g., Dalton v. State*, 898 S.W.2d 424, 429 (Tex. App.—Fort Worth 1995, pet. ref'd) (complainant "felt something 'cold' at her back" during sexual assault); *Dacquisto v. State*, 721 S.W.2d 603, 604 (Tex. App.—Amarillo 1986, pet. ref'd) (affirming an aggravated sexual assault conviction where the defendant never verbally threatened the complainant's life); *Carter v. State*, 713 S.W.2d 442, 445 (Tex. App.—Fort Worth 1986, pet. ref'd) (complainant gagged, tied up, and thrown to the floor in the course of the sexual assault).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can be sufficient alone to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Although the parties may disagree about the logical inferences that flow from undisputed facts, where there are two permissible views of the evidence, the jury's choice between them cannot be clearly erroneous. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

Appellant also points to the jury's negative finding on the issue of a deadly weapon in support of his argument that the evidence is insufficient to support the aggravating factor. The jury found that appellant did not use or exhibit a deadly weapon during the commission of the offense or in immediate flight therefrom. Assuming the jury's lack of a deadly weapon finding is inconsistent with its verdict of aggravated sexual assault, inconsistent verdicts in prosecutions based on the same

7

evidence do not require a reversal on the ground of legal insufficiency. *Thomas v. State*, 352 S.W.3d 95, 101 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). In measuring legal sufficiency of the evidence, the reviewing court must apply the familiar legal standard to appellant's aggravated-sexual-assault conviction, regardless of any alleged inconsistent findings by the jury on other issues. *See Dunn v. United States*, 284 U.S. 390, 393–94 (1932); *see also Bravo-Fernandez v. United States*, ⸺ U.S. ⸺, 137 S. Ct. 352, 359 (2016) (discussing court's prior holding in *Dunn* "that a criminal defendant may not attack a jury's finding of guilt on one count as inconsistent with the jury's verdict of acquittal on another count"). We are not to take into consideration any acquittal of appellant on another count or any failure to make a deadly-weapon finding, even presuming that such a finding is inconsistent with the finding that the jury made to convict appellant of the aggravated-sexual-assault charge. *See United States v. Powell*, 469 U.S. 57, 64–67 (1984). Even where an inconsistent verdict might have been the result of compromise or mistake, the verdict should not be upset by appellate speculation or inquiry into such matters. *Jackson v. State*, 3 S.W.3d 58, 61–62 (Tex. App.—Dallas 1999, no pet.) (citing *Powell*, 469 U.S. at 64–67)); *see also Leal v. State*, 527 S.W.3d 345, 348 (Tex. App.—Corpus Christi 2017, no pet.) (holding that jury's failure to make a deadly-weapon finding should not be considered in determining whether the evidence is legally sufficient to support appellant's aggravated assault conviction).

Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to establish that appellant's actions caused the complainant to fear for her life during the sexual assault. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018) ("[J]uries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial."). We overrule appellant's second issue on appeal.

**II.** **The trial court did not err in excluding evidence of the complainant's remote convictions.**

In his first issue appellant argues that the trial court erred in excluding from the evidence presented to the jury the complainant's prior theft and prostitution convictions.

Before the complainant testified the State moved to exclude evidence of the complainant's convictions that were more than ten years old. Appellant responded and requested that he be allowed to impeach the complainant on several remote-in-time convictions. At trial, appellant argued that since the charged offense occurred in 2005, 14 years before trial, he was entitled to impeach the complainant using convictions that occurred around the time of the offense. Specifically, appellant wanted to introduce two theft convictions from 2002, a prostitution conviction from 2004, and another prostitution conviction from 2005. The trial court found that the remote-in-time convictions were not admissible as more probative than prejudicial, noting that appellant would be allowed to impeach the complainant on two felony prostitution convictions, two theft convictions, and one burglary of a motor vehicle conviction, all of which were not remote convictions.

We review the trial court's decision to exclude that evidence using an abuse-of-discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*.

Rule 609(a) of the Texas Rules of Evidence provides that evidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if the crime was a felony or involved moral turpitude and other requirements (not at issue here) are met. Tex. R. Evid. 609(a). Rule 609(b) provides, however, that if more than ten years have passed since the conviction or release from

confinement, evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. *See Meadows v. State*, 455 S.W.3d 166, 170 (Tex. Crim. App. 2015); *Leyba v. State*, 416 S.W.3d 563, 570–71 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Any proponent of evidence seeking to introduce it pursuant to Rule 609(b) has the burden of demonstrating that the probative value of a conviction substantially outweighs its prejudicial effect. *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).

In this case, the witness is not the defendant but the complainant. In applying the Rule 609(b) balancing test when the witness is not the defendant, courts generally consider the following nonexclusive factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the conviction to the date the witness testifies and the witness's subsequent criminal history; (3) the similarity of the past crime to any conduct at issue in the present trial; (4) the importance of the witness's testimony; and (5) the importance of the credibility issue. *Moore v. State*, 143 S.W.3d 305, 312–13 (Tex. App.—Waco 2004, pet. ref'd) (adapting *Theus* factors to cases in which witness subject to impeachment with prior convictions is not the defendant); *see Theus*, 845 S.W.2d at 880 (establishing nonexclusive list of factors courts consider when defendant is witness being impeached with evidence of prior conviction).

At the beginning of the complainant's testimony she admitted she had been convicted of burglary of a motor vehicle in 2018, felony prostitution in 2014 and 2013, and theft in 2013, 2011, and 2010. Appellant complains that he was not permitted to impeach the complainant on two misdemeanor prostitution convictions from 2004 and 2005 and two misdemeanor theft convictions from 2002.

We apply the modified *Theus* factors to the remote-in-time prostitution and

10

theft convictions. First, we consider the impeachment value of the prior offenses. *Theus*, 845 S.W.2d at 881. Offenses involving moral turpitude, like prostitution, carry a higher impeachment value. *Id.* at 881; *Martin v. State*, 265 S.W.3d 435, 444 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Similarly, the complainant's prior theft convictions carry a higher impeachment value because theft is a crime of deception. *See Huerta v. State*, 359 S.W.3d 887, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Theft is a crime of moral turpitude involving elements of deception"). While the prostitution and theft convictions carry high impeachment value, which favors admission, we note that five of the convictions that were admitted into evidence were also prostitution and theft convictions.

Second, temporal proximity, favors admission if the past crimes are recent and the witness has demonstrated a propensity for running afoul of the law. *Theus*, 845 S.W.2d at 881. The complainant's remote prostitution convictions occurred in 2004 and 2005, 14 and 15 years before trial, beyond the ten-year requirement of Rule 609. The theft convictions both occurred in 2002, 17 years before trial. We consider this factor neutral in that the convictions were remote, but the complainant had demonstrated a propensity of running afoul of the law as was demonstrated by her more recent convictions that were admitted into evidence. *See Leyba v. State*, 416 S.W.3d at 571. The primary concern of this factor is whether a remote prior conviction might inform the jury of the witness's character at the time she testifies. *See Lucas v. State*, 791 S.W.2d 35, 52 (Tex. Crim. App. 1989).

Third, we consider the similarity of the past convictions to any conduct of the witness in question. *See id.*; *Moore v. State*, 143 S.W.3d 305, 313 (Tex. App.—Waco 2004, pet. ref'd). This factor focuses on the potential for unfair prejudice due to similarity of past conduct with the conduct at issue in the present litigation. This factor implicates appellant's argument that his primary defense was that the

complainant consented on the night in question. The complainant denied consent and denied working as a prostitute on the night of the offense. Appellant argues that the trial court's exclusion of the complainant's prior prostitution convictions deprived him of the opportunity to significantly mount his defense. To the contrary, appellant was permitted to question the complainant about whether she consented on the night of the offense and asked whether she committed prostitution that night. Appellant, in closing argument, argued that the complainant was a "lying, thieving prostitute" who engaged in "a prostitution deal that just went bad." (5RR 20) Appellant was entitled to impeach the complainant with her more recent prostitution convictions and was able to cross-examine the complainant on whether she engaged in prostitution the night of the offense. To permit appellant to impeach the complainant on the remote-in-time prostitution convictions, would have impermissibly allowed appellant to impeach the complainant on the perception of past conduct instead of on the facts of the case. *See Vasquez v. State*, 417 S.W.3d 728, 732–33 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Theus* and noting that admitting evidence of a similar prior crime for impeachment purposes presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense). In reviewing the final two factors we consider the importance of the witness's testimony and the importance of the witness's credibility. *Theus*, 845 S.W.2d at 881. In this case, while the complainant was the State's primary witness against appellant, the complainant's testimony was corroborated by Officers Garza and Garcia in addition to the medical records admitted into evidence. A witness's credibility is less important where other evidence or testimony corroborates the witness's testimony. *Woodall v. State*, 77 S.W.3d 388, 396 (Tex. App.—Fort Worth 2002, pet. ref'd) (citing *Theus*, 845 S.W.2d at 881); *Moore*, 143 S.W.3d at 313.

12

Because the Court of Criminal Appeals noted in *Theus* that its list of factors was "non-exclusive," we also consider the effect of appellant's ability to cross-examine the complainant with other convictions and crimes she committed. Here, appellant was allowed to impeach the complainant on two prior felony prostitution convictions, three theft convictions, and one burglary of a motor vehicle conviction. Appellant's ability to impeach the complainant with much more recent convictions allowed him to attack the complainant's credibility in front of the jury. We consider this a relevant factor to consider in weighing the trial court's decision on probative value versus prejudicial effect.

It was not outside the zone of reasonable disagreement for the trial court to conclude that the probative value of the complainant's remote-in-time convictions did not substantially outweigh the dangers of unfair prejudice, especially considering that the trial court permitted admission of two more recent prostitution convictions and three more recent theft convictions. *See Moore*, 143 S.W.3d at 313. The trial court therefore did not abuse its discretion in excluding the evidence, and we overrule appellant's second issue.

## CONCLUSION

Having overruled each issue raised by appellant in this appeal, we affirm the trial court's judgment.

/s/ Jerry Zimmerer
   Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant (Poissant, J. dissenting).
Publish — Tex. R. App. P. 47.2(b).